# Malcolm Womack, Et Al v. Allstate Insurance Company

No. A-5748. Decided November 21, 1956.
Rehearing overruled January 2, 1957.
(296 S.W. 2d Series 233)

468

*Casey Charness, Shaw* and *Daniel,* and *Ralph S. Daniel,* all of Lubbock, for petitioners.

The Court of Civil Appeals erred in sustaining the trial court's action in granting respondent's motion for summary judgment and in concluding that the record did not disclose a genuine issue of material fact. Gulbenkian v. Penn, 151 Texas 412, 252 S.W. 2d 929; Smith v. Bolin, 153 Texas 486, 271 S.W. 2d 93; Frazier v. Glens Falls Indemnity Co., 278 S.W. 2d 388, error refused N.R.E.

*Sanders, Scott, Saunders & Smith,* and *Albert Smith,* all of Amarillo for respondent.

Klein v. Century Lloyds, 154 Texas 160, 275 S.W. 2d 95; Farris v. Allstate Insurance Co., 265 S.W. 2d 178; Harris v. Allstate Ins. Co., 249 S.W. 2d 669, error refused.

MR. JUSTICE WALKER delivered the opinion of the Court.

This is a summary judgment case. On January 4, 1952, Allstate Insurance Company, respondent, issued a policy of public liability automobile insurance to Mrs. L. N. Coffee, the wife of William T. Coffee. Petitioners, Malcolm Womack and others, recovered judgment in the 99th District Court of Lubbock County against William T. Coffee for the damages which they

sustained on July 20, 1952, when the automobiles in which they were riding collided with a vehicle operated by the latter. Execution having been issued and returned nulla bona, petitioners instituted this suit to recover the amount of the judgment from respondent, alleging that at the time of the accident William T. Coffee was driving, with the consent of the insured, the automobile covered by respondent's policy. The trial court entered summary judgment for respondent, and the Court of Civil Appeals affirmed, with one justice dissenting. 286 S.W. 2d 308. It is our opinion that the motion for summary judgment should have been denied.

In support of the summary judgment in its favor, respondent contends: (1) that the policy was cancelled by respondent prior to the collision in question, (2) that a material misrepresentation of fact, made a part of the policy, invalidated the policy at the option of respondent, and (3) that the insured failed to forward to respondent the citation in the damage suit as required by the provisions of the policy and did not notify respondent of such suit. The majority of the Court of Civil Appeals concluded that respondent had established its right to a summary judgment on the first of these grounds.

The policy contains the usual provision authorizing its cancellation "by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective." On May 26, 1952, respondent mailed a letter addressed to the insured at 3001 East 4th Street, Lubbock, Texas, which is the address shown on the face of the original policy, advising that the policy was cancelled as of June 7, 1952, and enclosing a check for $22.32 as a refund of the unearned premium. This letter was returned to respondent by the Post Office Department marked "Out of Bounds" and "For Better Address."

Responden's answers to petitioners' requests for admissions disclose that on or about March 26, 1952, the assured instructed one of the respondent's agents to change her address from that shown in the policy to "General Delivery, Lubbock, Texas," that the agent executed a "Form R-42, Request for Service" changing the address as requested and mailed the same to respondent, and that on or about that date respondent "made a proper record of the change of address." Neither the contents of Form R-42 nor the character of record which respondent made of the change of address can be determined from any of the papers filed in the case.

The address of the insured as shown in the original policy was subject to change by the parties at any time, and in the event of such change the cancellation letter could not be effective unless mailed to the most recent policy address. The contract provides that its terms may not be changed except by endorsement issued to form a part of the policy, but it does not affirmatively appear, by affidavit or otherwise, that no endorsement was issued changing the address of the insured from that shown on the face of the original policy. Since the facts were not fully developed, we cannot determine the legal effect of either the form sent in by the agent or the "proper record" made by respondent, but either or both might be sufficient to effect a change in the policy address.

■ In passing upon a motion for summary judgment, all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the opposite party is entitled to the benefit of every reasonable inference which can properly be drawn in his favor. See Gulbenkian v. Penn, 151 Texas 412, 252 S.W. 2d 929. Under the present record, there is considerable doubt as to whether the cancellation letter was mailed to the most recent policy address of the insured, and it is our opinion that respondent failed to establish its right to a summary judgment on the cancellation theory.

Turning now to the second ground urged by respondent in support of the judgment in its favor, the application for insurance signed by Mrs. Coffee states that the applicant has not had a driver's license suspended, revoked or refused during the last two years, and the policy contains a declaration to the same effect. Respondent alleged that these representations were untrue because the automobile driver's license of the insured had been suspended during the period of two years immediately prior to the issuance of the policy, and that such representations were material to the risk and were intentionally made for the purpose of misleading respondent. To establish the truth of these allegations, respondent filed affidavits of the custodian of the records of the Drivers License Division of the Texas Department of Public Safety certifying that the driver's license of Laura Thompson Coffee was suspended on July 23, 1951, and an affidavit by one of respondent's representatives that Mrs. L. N. Coffee and Laura Thompson Coffee are one and the same person. We shall assume that the affidavits establish that the driver's license of the insured was suspended as alleged.

■ Under the provisions of Art. 21.17 of our Insurance Code,

misrepresentations made in the application for or in obtaining an insurance contract do not constitute a defense unless the insurer establishes that within a reasonable time after discovering the falsity of the representations, it gave notice that it refused to be bound by the contract. The statute also provides that ninety days shall be a reasonable time. Respondent alleged that within a reasonable time after learning the true facts notice was given to the insured that the company refused to be bound by the contract, and established by affidavit that on October 16, 1952, a letter was written to the assured denying liability under the policy and declaring the same void from its inception because of the alleged misrepresentation. The record does not show, however, when respondent discovered the falsity of the representation, and it cannot be said that the notice was given within a reasonable time thereafter as required by the statute. Since one of the essential elements of respondent's defense based on misrepresentation was not established, summary judgment could not properly be predicated on that defense.

■ A check for the full amount of the premium and payable to the insured was enclosed by respondent in the last mentioned letter, and a photostatic copy of the cancelled check appears in the record. The endorsement on the check apparently was written by the same person who signed the application for insurance, and the similarity of the two signatures supports an inference that the check was cashed by the insured. Although the moving party is not entitled to the benefit of such an inference in determining a motion for summary judgment, we shall assume that the refund check was accepted and cashed by the insured.

Respondent contends that since the insured accepted and cashed the premium refund check and thereby recognized the company's right to declare the policy void, she could not recover on the policy and hence the petitioners cannot do so. In Klein v. Century Lloyds, 154 Texas 160, 275 S.W. 2d 95, we observed that the case then before us must be decided just as if the insured had paid the judgment against him and was plaintiff in a suit seeking indemnity under the terms of the policy, but the insurer there defended on the ground that the insured had not complied with the policy provisions requiring notice of the accident and the forwarding of process. While the rights of the injured party under a policy of public liability insurance issued to another are subject to the terms and provisions of the policy, it cannot be said that such rights are purely derivative and

must always be determined as if the insured had paid the judgment and was seeking indemnity against the insurance carrier.

In Indemnity Co. of America v. Pitts, Texas Com. App., 58 S.W. 2d 53, 54, it was held that an agreement for the cancellation of the policy made by the parties thereto after the accident occurred does not relieve the company of liability to the injured third party. The court there reasoned that:

"* * * Her rights against the company, subject to the terms and conditions of the policy, accrued the moment the liability of Kakisaki for the personal injuries suffered by her arose. The subsisting obligation of the company, upon which her rights against the company depended, was, of course, originally due to Kakisaki; but even so, that obligation could not, in the absence of a policy provision to that effect, be rescinded, and her dependent rights destroyed, by the agreement to which she was not a party. * * *"

Unless respondent had a legal right to declare the policy void from its inception, Mrs. Coffee's acceptance and cashing of the premium refund check could amount to nothing more than a voluntary rescission of the contract. This occurred long after the accident and would not affect the rights of petitioners against respondent under the provisions of the policy.

This brings us to the third and final defense urged by respondent in its motion for summary judgment. The policy provides that when an accident occurs, written notice shall be given by or on behalf of the insured to the company, and that if suit is brought, the insured shall immediately forward to the company every summons or other process received by him. No contention is made that respondent did not have notice of the accident, but the affidavits show that the insured did not send the citation in the damage suit to respondent, and that the latter did not learn that such suit had been brought until the judgment was entered therein.

As a general rule, the failure of the insured to comply with the conditions of the policy requiring notice of accident and notice of claim or suit will relieve the company of liability to the injured third party. Klein v. Century Lloyds, supra. But these policy provisions are for the benefit of the insurance company and may be waived by it. Petitioners' damage suit against William T. Coffee was filed on October 18, 1952. Two days prior to the institution of such suit, respondent wrote the

assured that the contract was declared void from its inception and that the company disclaimed any liability under the policy with reference to the accident in question. As a matter of law, this unconditional denial of liability before suit was instituted constitutes a waiver by respondent of compliance by the insured with the provisions of the policy requiring notice of suit and the forwarding of process. An insurance company cannot deny all liability under a contract of insurance and then be heard to say, after it has repudiated the contract, that assured should have given it notice when the action was instituted, so that it could have defended the action in accordance with the terms of the contract. See annotations in 76 A.L.R. 23, 145; 123 A.L.R. 950, 974; 18 A.L.R. 2d 443, 491, and authorities cited therein.

■ An examination of the record fails to disclose any pleading by petitioners that respondent had waived compliance with the provisions of the policy requiring notice of suit, and waiver is a matter which must be affirmatively pleaded. Rule 94, Texas Rules of Civil Procedure. If judgment for respondent had been granted at the conclusion of a formal trial and with the pleadings in this condition, petitioners would not be in position to rely upon waiver. But here respondent has obtained and is seeking to uphold a summary judgment on a ground which clearly is untenable if waiver is properly pleaded. Under the provisions of Rule 166-A, Texas Rules of Civil Procedure, summary judgment may be rendered only if the pleadings, depositions, admissions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court will normally look to the pleadings to determine the issues that may exist in the case, but when the depositions, admissions or affidavits disclose facts which show that an amendment to the pleadings of the opposite party will render the position of the moving party insupportable under the substantive law, it cannot be said that the latter has established his right to judgment as a matter of law. As stated in Rossiter v. Vogel, 2nd Cir., 134 Fed. 908, 912, "* * * where facts appear in affidavits on motion for a summary judgment which would justify an amendment to the pleadings, such amendment should not be prevented by the entry of final judgment. * * *" We hold, therefore, that when the affidavits or other summary judgment "evidence" disclose facts which render the position of the moving party untenable, summary judgment should be denied regardless of defects which may exist in the pleadings of the opposite party.

The judgments of the courts below are reversed, and the case is remanded to the district court.

Opinion delivered November 21, 1956.

Rehearing overruled January 2, 1957.