Lula Mae NIX, Appellant,

v.

Bette B. DAVIS, Administratrix of the Estate of Lester O. Nix, Deceased, et al., Appellees.

No. 13966.

Court of Civil Appeals of Texas.

Houston.

June 14, 1962.

Elliott & Elliott, Houston, Loran L. Elliott, Houston, for appellant.

Stein, Bennett & Shepley, Houston, Albert Stein, Houston, for appellees.

BELL, Chief Justice.

The appellee sued appellant and North Side State Bank of Houston to recover $2,150.87 that was on deposit in said bank at the time of the death of Lester O. Nix. The bank tendered the money into court, it having theretofore refused to pay the money to appellee only because of the conflicting claims of appellee and appellant. The bank was allowed its attorney's fee and discharged from liability. Appellee filed her motion for summary judgment and after a hearing it was granted.

It appears that appellant and Nix were married in 1944. In 1945 she and Nix operated Nix Feed, Hardware & Ice Store. The business was operated on land belonging to the separate estate of appellant. On or about January 12, 1948 a bank account was opened in the name of "The Nix Feed, Hardware & Ice Store." It was opened as a joint account. The agreement signed by both Nix and appellant read as follows:

"The undersigned joint depositors hereby agree each with the other and with NORTH SIDE STATE BANK, Houston, Texas, that all sums now on deposit or heretofore or hereafter deposited by either or both of said joint depositors * * * * * * with said bank to their credit as such joint depositors with all accumulations thereon, are and shall be owned by them jointly with right of survivorship and be subject to the check or receipt of either of them or the survivor of them and payment to or on the check of either or the survivor shall be valid and discharge said bank from liability. Each of the undersigned appoints the other attorney, with power to deposit in said joint account moneys of the other and for that purpose to endorse any check, draft, note or other instrument payable to the order of the other or both of said joint depositors. Payment to or on check of the survivor shall be subject to the laws relating to inheritance, succession and estate taxes and all rules and regulations made pursuant thereto. The rights or authority of the bank under this agreement shall not be changed or terminated by said depositors or either of them except by written notice to said bank which shall not affect transaction theretofore made.

"Date:
"Jan. 12, 1948

/s/ L. O. Nix
"/s/ Lula Mae Nix"

The signature card authorized the withdrawal of funds upon the signature of either party. The account was opened in the amount of $552.09.

On June 30, 1949, a judgment of divorce was signed granting appellant a divorce from Nix. It is not necessary to notice all provisions of the decree, but it suffices to say that after finding certain property to be the separate property of one or the other of the parties, it found one tract of land to be the separate property of appellant, but found a lien to exist on it in favor of Nix to secure $1175.00; awarded to Nix the sum of "four hundred dollars cash on hand"; decreed that the "fixtures, stock of merchandise and any and all other personal property located at Nix Feed Hardware & Ice Store and the accounts receivable" were community property and ordered their sale by a receiver appointed by the court. On July 7, 1949, an amended decree was signed reciting that the parties had adjusted their community rights. Then the amended decree declared that the lien that had been impressed on appellant's land in favor of Nix to secure $1175.00 had been satisfied and discharged. It then ordered that no further action be had in connection with the sale and division of the stock of merchandise and other personal property located at the feed store and that possession of the stock of merchandise and other personal property in the store building occupied by the store be delivered to Nix.

All of the facts above stated are contained in the pleadings and are established by the evidence submitted as a part of the motion for summary judgment.

Appellant, in her answer asserting ownership of the money in the bank account, alleged that immediately after delivery of possession of the store to Nix by the receiver she resumed work in the operation of the store and worked regularly until Nix died in 1960, except for the year 1953, and that she received no salary except for a brief period during the first year after the divorce. She alleged she paid a valuable consideration for the rights under the joint account contract. She further al-

leges that several thousand dollars were deposited each year in the account and she physically delivered some of the deposits to the bank.

The facts alleged by appellant were supported by her affidavit, and the affidavit also stated the store was located on her land. Further, the affidavit stated she was aware of the bank account.

Appellant, on appeal, asserts error on the part of the trial court in granting a summary judgment because, she says, there were fact issues which if found favorable to her would entitle her to recover on any of the following theories: (1) Gift; (2) Joint venture; and (3) A contract for a joint account owned by her and Nix jointly with right of survivorship.

Appellee takes the position that there is no pleading or evidence of gift, or joint venture, and that if there ever was a joint tenancy with right of survivorship, appellant's rights were effectively terminated through partition of the estate on divorce when the cash on hand and the personal property were awarded to Nix.

■ We are of the view that the record presents fact issues and the court, therefore, erred in granting the motion for summary judgment. To be entitled to a summary judgment the movant must show there is no fact issue to be determined and that only questions of law are to be determined. The evidence is viewed most strongly against movant in the trial court. While the evidentiary facts may be undisputed, there may be conflicting reasonable inference as to the existence of ultimate facts that may be drawn from the evidentiary facts. In such case there are fact issues to be determined. Womack v. Allstate Insurance Co., 156 Tex. 467, 296 S.W. 2d 233; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

■ Also if a fact or theory is not pled, but on motion for summary judgment it appears from the affidavits, depositions used, or instruments used on the motion for summary judgment, that a fact issue or theory is raised that can be pled by amended pleading, then summary judgment is improper. Womack v. Allstate Insurance Company, supra.

■■ We are of the view there is no evidence of a present gift. However, we are of the view that a fact issue exists as to whether Nix intended to continue the joint tenancy provided for by the joint bank account. Unquestionably, apart from the complications that arise when community property is involved, such as those discussed in Hilley v. Hilley, Tex., 342 S.W. 2d 565, a joint account created in the language quoted above, creates a joint tenancy with the right of survivorship. Adams v. Jones, Tex.Civ.App., 258 S.W.2d 401, no writ hist.; Johnson v. Johnson, Tex.Civ. App., 306 S.W.2d 780, writ ref. While in our case the contract creating the bank account was executed between appellant and her then husband Nix, the amount on deposit when they were divorced was, we think, effectively awarded to Nix when he was awarded "four hundred dollars cash now on hand". We regard this as a partition of the fund then on hand and as to such fund the joint tenancy was destroyed. The result is that we have no community property involved here. If the joint account had been renewed, in the form in which it appears, through formal re-execution of the account forms, then there would have been a joint tenancy with right of survivorship. There was no formal re-execution of the account forms. However, it continued in existence. It will be noted it provided for a joint interest in moneys that should be deposited after the date of the creation of the account. With the form of the account remaining unchanged, Nix continued to make deposits from time to time and some were made by appellant, though it appears she merely physically carried the deposit to the bank. Too, appellant's affidavit shows that for the next ten year period, with the exception of 1953, and for another period of about three weeks, she worked in the operation of the store and was paid no salary.

Too, it appears the store was located on land belonging to appellant. From all of these evidentiary facts we think it could be reasonably inferred that Nix intended to create a joint tenancy in the funds deposited in the account. No such conclusion is impelled, but such may be reasonably inferred and this makes a fact issue. We do not regard it as significant that the account was opened in the name of the business, because it was merely an assumed name and the business was not incorporated.

Too, a joint venture might reasonably be inferred from a consideration of all of the above statements in appellant's affidavit. No question is raised concerning the competency of appellant, in the light of the dead man's statute, to make the affidavit.

The judgment of the trial court is reversed and the cause is remanded for trial on its merits.