**J. R. BAXTER, Appellant,**

v.

**GLASTRON BOAT COMPANY, Appellee.**

No. 11190.

Court of Civil Appeals of Texas.

Austin.

April 22, 1964.

Rehearing Denied May 20, 1964.

———◆———

Waller M. Collie, Jr., Dallas, Mueller & Criss, Austin, for appellant.

Niemann & Babb, William B. Hilgers, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from a summary judgment.

Appellant filed suit to recover a balance of a bonus which he alleged was due him under an oral contract of employment with appellee. Among other defenses appellee plead that the agreement was within the Statute of Frauds in that it could not be performed within a year and filed a Motion for a Summary Judgment.

Plaintiff, appellant herein, filed his answer to defendant's Motion for Summary Judgment attaching thereto his affidavit.

Plaintiff, in his First Supplemental Petition, alleged in paragraph 11:

"Plaintiff would allege and show that even if the agreement upon which he relies is within the Statute of Frauds, which plaintiff does not admit and which is specifically denied, the defendant should be estopped from pleading the Statute of Frauds for the reason that plaintiff gave up lucrative employment to take his position with defendant, that in reliance on the promises of the president of defendant he incurred losses in the amount of $7,000.-00 in transferring his family, selling his home, etc., and remaining in Austin for approximately two years, that he was in fact paid portions of his bonus in March, April, May, June, July, August and September of 1960 in the amount of approximately $3,000.00; that shortly after his bonus was due he contacted the president of the defendant regarding his bonus and that he was told by said president that he had a bonus coming but because of the financial position of the company at that time that they were unable to pay him his full bonus and that he was led to believe that when the financial position of the company improved he would be compensated for his loss."

In Mr. Baxter's affidavit he stated:

"In connection with Paragraph 2 of Paragraph III of Plaintiff's Original Petition in said suit, I state that from January 1, 1960 through approximately March 1, 1960, I was paid $800 per month by way of salary, said salary being payable bimonthly on approximately the 1st and 15th of each month. On approximately March 2nd or 3rd of 1960, I went to Mr. Robert R. Hammond for the purpose of discussing my salary arrangement with him and in a conference with him told Mr. Hammond that I was having a very difficult time meeting my usual living expenses on a salary of $800 per month and requested that we work out something where I could draw an additional sum which would be charged against my bonus. At the time of this conference, I already knew that the company had changed from a calendar to a fiscal year basis and that the company's fiscal year would end on August 31, 1960. Mr. Hammond stated to me that the company would be willing to pay me an additional $200 per month, with the understanding that such additional $200 per month would be charged against the 2% bonus which we had agreed on. He further stated that the bonus would be payable to me after the close of the corporation's fiscal year ending August 31, 1960. I stated to Mr. Hammond that this would be agreeable with me and I stated that I would accept this offer as I realized that it would be convenient and consistent with company policy to base my bonus upon the fiscal year ending August 31, 1960 rather than the calendar year 1960. I relied upon Mr. Hammond's agreement to pay me a 2% bonus of the increase in sales of the fiscal year ending August 31, 1960 over the calendar year 1958, and that the extra $200 per month should be a charge against such bonus, and I continued to work for Glastron Boat Company in reliance upon said agreement."

We have reviewed the pleadings, affidavits and the depositions of Baxter and Hammond, and believe that a genuine issue of material fact was raised to be determined by the Court or jury as to whether a new contract was made in March of 1960 where-

by plaintiff and defendant changed their agreement as contended for by appellant and which was claimed to be not supported by consideration and not supported by the pleadings, precluded defendant's right to summary judgment. San Antonio Light Pub. Co. v. Moore, Tex.Civ.App., 101 S.W. 867, er. ref.

Rules of Civil Procedure, Rule 166–A.

In Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233, the Supreme Court stated:

"[1, 2] In passing upon a motion for summary judgment, all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the opposite party is entitled to the benefit of every reasonable inference which can properly be drawn in his favor.

* * * As stated in Rossiter v. Vogel, 2 Cir., 134 F.2d 908, 912, ' * * * where facts appear in affidavits upon motion for a summary judgment which would justify an amendment of the pleadings, such amendment should not be prevented by the entry of a final judgment. * * *' We hold, therefore, that when the affidavits or other summary judgment 'evidence' disclose facts which render the position of the moving party untenable, summary judgment should be denied regardless of defects which may exist in the pleadings of the opposite party."

Gibler v. Houston Post Company, Tex. Civ.App., 310 S.W.2d 377, er. ref., n. r. e.

The judgment of the Trial Court is reversed and the case is remanded for a trial on its merits.

Reversed and Remanded.