**Alta Harris TISCHMACHER et vir, Appellants,**

v.

**L. C. DAUGHERTY, Appellee.**

No. 7568.

Court of Civil Appeals of Texas.

Texarkana.

May 12, 1964.

Leighton Cornett, Paris, for appellants.

Thompson & Greer, Paris, for appellee.

CHADICK, Chief Justice.

This is a suit to recover the unrefunded balance of a sum of money placed in escrow with a broker in a real estate transaction. The summary judgment rendered against the broker in the county court is reversed and the case is remanded for trial on its merits.

L. C. Daugherty, a resident of Garland, Dallas County, listed a 284 acre tract of land located in Lamar County with Mrs. Alta Harris Tischmacher, a licensed real estate broker. Thereafter Daugherty was advised that a buyer for his land had been secured and was requested to place $1,000.-00 as earnest money in the hands of Mrs. Tischmacher. No sale was consummated. Still later after correspondence,

telephone conversations and perhaps other exchanges between the parties to the listing, $502.00 of the escrow money was returned.

Mr. Daugherty filed suit against Mrs. Tischmacher in the County Court of Lamar County to recover the $500.00 balance, interest and attorney fees. He made no allegation of specific provisions of the contract binding the parties, but appears to have based his suit upon a money had and received theory. Mrs. Tischmacher included in her amended answer the following allegation:

"As a result of securing a purchaser for this property, plaintiff became indebted to defendant in the amount of One Thousand Two Hundred Twenty-Five and No/100 ($1,225.00) Dollars, the agreed amount of real estate fee for securing a purchaser. Defendant alleges that plaintiff owes her an additional amount of Seven Hundred Twenty-Five and No/100 ($725.00) Dollars, representing the balance due and owing to her as a result of this service."

In support of his motion for summary judgment Mr. Daugherty's affidavit states that he listed his land with Mrs. Tischmacher and signed a document authorizing her to sell it, but that he did not receive a copy of the written document, and did not know its exact contents. After detailing his version of the transaction between them, the last paragraph of his affidavit recognizes by implication that an issue between them is whether or not the broker secured a ready, able and willing buyer for his land, when he says:

"The defendant has never at any time produced any contract signed by a purchaser for my 284 acres of land and has never at any time produced anyone ready, willing, and able to purchase my property for the sum of $26,500.00, which was my asking price."

Mrs. Tischmacher's affidavit filed in opposition to the Daugherty motion for summary judgment states:

"After plaintiff listed this property with me for sale, * * * Mr. and Mrs. J. G. Hogue, of Ralls, Texas, looked at this property several times and then informed me that they were ready, able and willing to buy this property at the price quoted by plaintiff. At the time that I notified plaintiff of this purchaser, he informed me that he no longer desired to sell this property.

" * * * I did secure a purchaser who was ready, able and willing to buy this land at a price of Twenty-five Thousand Seven Hundred Twenty and No/100 (25,720.00) Dollars, which was the price Mr. Daugherty was asking, I am entitled to a commission for this service in the amount of One Thousand Two Hundred Twenty-Five ($1,225.00) Dollars. I now have in my possession Five Hundred and No/100 ($500.00) Dollars paid by plaintiff, leaving a balance due and owing me of Seven Hundred Twenty-Five and No/100 ($725.-00) Dollars as a result of my services rendered to him in this matter."

■ The pleadings of the parties raised two issues of fact. The first is whether or not the broker secured a ready, able and willing buyer. And second, whether or not the seller contracted to pay the broker a commission upon production of a ready, able and willing buyer. The evidence in the parties' affidavits quoted above shows that the testimony bearing upon these issues is contradictory. When there is disagreement in the evidence establishing the factual basis of controlling issues, as here, a summary judgment should not be entered. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233; Neigut v. McFadden, Tex.Civ.App., 257 S.W.2d 864, Rule 166-A, V.A.T.R. The case will be remanded to the trial court for determination upon its merits.