**Leola KRUSE et al., Appellants,**

v.

**Edward J. COUFAL et ux., Appellees.**

**No. 11623.**

Court of Civil Appeals of Texas.

Austin.

June 26, 1968.

J. W. Thomas, Jr., Temple, for appellants.

Charles W. Pyle, Temple, for appellees.

PHILLIPS, Chief Justice.

Appellants brought suit against the appellees in trespass to try title alleging that appellees had breached a lease agreement previously entered into by the parties. The trial court granted appellees' motion for summary judgment, hence this appeal.

We reverse the judgment of the trial court and remand the case for trial.

Appellants' original petition was filed in the trial court October 13, 1966 alleging that appellees unlawfully entered upon and dispossessed them of a certain tract of land, described in the petition, on the 12th day of October, 1966. The appellees' original answer was filed on November 28, 1966 pleading not guilty. Appellees then filed a motion for summary judgment on March 9, 1967 and appellants' response to this motion was filed on April 24, 1967 to which two affidavits were attached. These two affidavits were the sworn statements of two different witnesses to the effect that appellees had breached the lease contract in that they were allowing Johnson grass to spread on the leasehold contrary to the terms of the lease.

At the hearing on the summary judgment held on July 25, 1967 the court ordered the parties to arbitrate the matter under the provision of the lease contract; however, the record is silent as to what became of this order.

Appellants then filed an amended petition in which they changed the date of the alleged ouster from October 12, 1966 to September 25, 1967.

On October 2, 1967 appellees filed an amended answer and an amended motion for summary judgment. Appellants responded to this amended motion for summary judgment to which they attached a third affidavit outlining certain breaches of the contract in question.

The court granted appellees' summary judgment on February 26, 1968.

Appellants are before us on three points of error: two of which relate to the court's refusal to consider their third affidavit attached to their response to appellees' amended motion for summary judgment because of several alleged defects. We need not discuss the court's ruling in this respect as we grant appellants' point assigning error to the trial court for refusing to consider their first two affidavits filed in response to appellees' first motion for summary judgment.

■ In Burnett v. Cory Corporation, 352 S.W.2d 502 (Tex.Civ.App. Dallas 1961, writ ref. n. r. e.) the Court held that it could properly consider an amended petition in connection with a motion for summary judgment filed prior to the amendment, where the amended petition stated the same cause of action. Also see Womack v. Allstate Insurance Co., 156 Tex. 467, 296 S.W. 2d 233 (1956).

■■ The date of outster was the only change made by appellants in their amended petition. Thus their original affidavits filed in connection with the original motion for summary judgment were still "summary judgment evidence" to be considered with the record. These raised a fact situation requiring the case to be tried on its merits.

The judgment of the trial court is reversed and the cause is remanded for trial.

Reversed and remanded.