**Alan ALLISON, Appellant,**

v.

**FORNEY STATE BANK, Appellee.**

**No. 18191.**

Court of Civil Appeals of Texas, Dallas.

Nov. 8, 1973.

Rehearing Denied Dec. 6, 1973.

John W. Key, Jr., Athens, for appellant.

Robert K. Ramsey, Terrell, for appellee.

GUITTARD, Justice.

Forney State Bank sued Alan Allison for a declaratory judgment establishing title to a promissory note. Both the bank and Allison rely on purported assignments from Gay Bryan, assignee of the original payee. The bank's assignment appears to be earlier and must prevail if genuine. The trial court rendered summary judgment for the bank. We reverse on the ground that the summary-judgment proof raises a fact issue of forgery of the assignment from Bryan to the bank and that failure of defendant Allison to verify his plea of forgery did not justify the trial court in disregarding defendant's evidence on the forgery issue.

In reply to the motion for summary judgment, defendant filed affidavits by himself and his counsel. Defendant's affidavit states that he is familiar with the signature of Gay Bryan, that he has examined the purported signature of Bryan on the photocopy of the note attached as an exhibit to the bank's motion, and that the signature is not the personal signature of Gay Bryan. Counsel's affidavit states that he is personally familiar with Bryan's signature, that he has witnessed Bryan sign his name on more than one occasion, and that the signature on the exhibit attached to the bank's motion is not the personal signature of Gay Bryan. Counsel says further that he has received training and instruction in handwriting analysis, that he has made a comparison of the signatures on the exhibits with the signatures of Bryan on other legal instruments, and that the purported signature on the exhibit does not have the same handwriting characteristics as the signatures which he used for comparison.

In response to these affidavits, the bank filed supplemental affidavits tending to establish genuineness of the assignment, including an affidavit by a bank officer stating that he was present and saw Bryan endorse the note and that the bank then accepted the assignment and gave Bryan credit for the full amount of the note. These affidavits, however, only raise a fact issue in view of the affidavits filed by defendant.

Plaintiff bank argues that defendant's affidavits should be disregarded and the assignment should be accepted as fully proved because defendant failed to file a sworn denial of genuineness as required by Texas Rules of Civil Procedure, rule 93(i). The material allegations of defendant's answer are as follows:

I.

Defendant specially denies that Gay Bryan assigned to Forney State Bank, Forney, Texas, the Promissory Note dated March 13, 1970, executed by Bert E. Webb and Bernice W. Webb to Katherine S. Capps as set out and described in Plaintiff's Original Petition on file herein.

II.

Defendant alleges that what purports to be the signature of Gay Bryan on the said Promissory Note dated March 13, 1970, executed by Bert E. Webb and Bernice W. Webb to Katherine S. Capps is a forgery and is not the personal signature of Gay Bryan.

Attached to the answer is an affidavit stating on information and belief that the allegations of paragraph I are true and correct, but there is no such verification with respect to paragraph II.

Defendant contends that the verified allegation in paragraph I is a sufficient denial of the genuineness of the assignment under Rule 93(i). We do not decide this question, since we conclude that the summary judgment cannot be justified by a defect in pleading if the summary-judgment proof shows the existence of a fact issue. In Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233 (1957), a summary judgment was reversed because a fact issue of waiver was raised even though waiver had not been pleaded as required by Tex. R.Civ.P. 94. The supreme court held that when affidavits or other summary-judgment evidence discloses facts showing that an amendment to the pleadings would render the motion untenable, the moving party has not established his right to judgment as a matter of law, and summary judgment should be denied regardless of defects in the pleadings of the opposite party. That decision was followed by this court in Little v. Buckley, 440 S.W.2d 682 (Tex.Civ. App.—Dallas 1969, no writ), and in Plantation Foods, Inc. v. City of Dallas, 437 S. W.2d 396 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.).

We hold that the *Womack* rule applies, even though the pleading defect is a lack of verification under Rule 93 rather than failure to plead affirmatively under Rule 94. At the hearing of the motion for summary judgment it must have been evident that defendant was relying on forgery as a defense, since he had an unsworn plea of forgery and had filed affidavits in answer to the motion for summary judgment stating that the signature on the assignment was not genuine. These affidavits indicate that if the pleading defect had been raised in the trial court, proper verification of the plea of forgery could have been supplied and plaintiff's motion for summary judgment would then have been untenable because a fact issue existed on genuineness of the assignment. Consequently, the trial court erred in granting the motion.

The bank argues further that the later assignment of the lien from Bryan to defendant is invalid because the lien could not be assigned without the note. This argument is well taken if the earlier assignment of the note to the bank is genuine, but, as we have held, a fact issue is raised

in that respect. Since the case must be remanded for trial of that issue, we do not reach the other matters complained of in defendant's brief.

Reversed and remanded.