Wilson **SANDERS**, Appellant,

v.

**JEFFERSON NATIONAL LIFE INSUR-
ANCE COMPANY**, Appellee.

No. 18331.

Court of Civil Appeals of Texas,
Dallas.

May 23, 1974.

Randy Taylor, Dallas, for appellant.

Mark T. Davenport, Ira D. Einsohn, Atwell, Cain, Davenport & Jones, Dallas, for appellee.

BATEMAN, Justice.

Appellee filed this suit to rescind a major-medical policy of insurance issued by it

to appellant, on the ground that it had issued the policy in reliance upon misrepresentations in the insurance application of material facts pertaining to appellant's health. Appellant answered and filed a counter-claim for medical expenses incurred as a result of surgery. Appellee's motion for summary judgment, based entirely on said misrepresentations, was sustained. Appellant seeks reversal on three points of error.

The third point asserts that the summary judgment was erroneous because appellee failed to establish that it gave notice to appellant within a reasonable time after discovery of the falsity of said representations that it refused to be bound by the policy. Tex.Ins.Code Ann. art. 21.17, V.A.T.S. (Vernon 1963) requires that such notice be given to the assured within "a reasonable time," and provides that ninety days is a reasonable time. The giving of such notice is thus made an essential element of an insurer's defense based on misrepresentations, as well as of the insurer's suit to rescind the policy on that ground. Appellee produced evidence tending to prove the misrepresentations, but did not attempt to establish when it discovered the falsity thereof. Therefore, it cannot be said that it appears without dispute that notice was given within ninety days thereafter as required by the statute. Since this essential element was not established, summary judgment for the insurer was not justified. Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233, 235 (1956); Prudential Ins. Co. of America v. Torres, 449 S.W.2d 335, 337 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.). Under these authorities appellee had the burden to establish this essential element by its pleading and proof; consequently the summary judgment cannot be upheld on the ground that appellant failed to raise the issue by pleading or otherwise in the trial court. We sustain the third point of error.

Our disposition of the third point of error makes it unnecessary for us to pass upon the first and second.

Reversed and remanded for further proceedings not inconsistent with this opinion.