Joe Ned LEWIS, Appellant,

v.

REPUBLIC NATIONAL BANK OF DALLAS, Appellee.

No. 4817.

Court of Civil Appeals of Texas, Eastland.

Oct. 3, 1975.

Rehearing Denied Oct. 31, 1975.

John T. McCully, John T. McCully, Inc., Dallas, for appellant.

Frank J. Betancourt, Gardere, Porter & DeHay, Dallas, for appellee.

WALTER, Justice.

Joe Ned Lewis filed suit against Republic National Bank of Dallas under Article 8307c, Vernon's Ann.Rev.Civ.Stat., for wrongful termination of his employment. The Bank's motion for summary judgment was granted. Lewis has appealed.

While employed by the Bank, Lewis sustained an injury to his back and filed suit against Texas Employers' Insurance Association, the Bank's workmen's compensation carrier. In his settlement, Lewis signed an agreement for judgment which contained in part the following:

"It is further agreed that upon the satisfaction of said judgment by the payment by Texas Employers' Insurance Association of the principal amount thereof to the said Joe N. Lewis and his attorney, same shall be in full release of the said Texas Employers' Insurance Association of and from any and all claims and demands, actions or causes of action now claimed by the plaintiff or to be claimed in the future against it on account of the injuries alleged in the pleadings herein, *and also of and from any and all claims and demands whatsoever under the Texas*

*Employers' Liability Act, or at common law, which the said plaintiff can, shall or may have against Republic National Bank of Dallas or against the said defendant by reason of any matter, cause or thing whatever prior to the date hereof or as to any future medical aid, hospital services, nursing, chiropractic services and medicines, whether alleged in said cause of action or not alleged therein."* (Emphasis added).

Article 8307c known as the Workman's Compensation Law in part states:

"Section 1. No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding."

We overrule the Bank's contention Lewis' failure to plead ambiguity denies him the right to make such a complaint on appeal. The agreement of which Lewis complains was attached to the Bank's motion for summary judgment. The rule is if the summary judgment proof shows the existence of fact issues, the summary judgment should be denied regardless of defects in the pleadings. *Womack v. Allstate Insurance Company,* 156 Tex. 467, 296 S.W.2d 233 (1956).

The Bank contends the term "Texas Employers' Liability Act" as used in the release is synonymous and interchangeable with the term "Texas Workmen's Compensation Act" and that both terms properly refer to Article 8307c. Lewis contends the agreement for judgment containing the term "Texas Employers' Liability Act" refers to the Employers' Liability Act and was, therefore, ambiguous and the summary judgment proof fails to establish the parties agreed to the meaning of the term.

In Lewis' affidavit in opposition to the Bank's motion, he stated:

"After reviewing the wordage contained in paragraph two as above quoted, my Attorney and I signed the agreement. It was not my intent nor did I understand that I was releasing the Republic National Bank from any action I might have for wrongful termination since this action is provided in the Workman's Compensation Law. It was my clear understanding that I was releasing the Republic National Bank from any actions I had at Common Law and from any actions I might have had a result of any actions under the Employers' Liability Act for anything such as any injuries I might claim as a result of actions of fellow employees or other matters outside of the Workman's Compensation Law. I understood the wording of paragraph two to mean this particularly since paragraph four used the term 'Workman's Compensation Act of Texas' in two separate instances."

In *Skelly Oil Company v. Archer,* 163 Tex. 336, 356 S.W.2d 774 (1961), the Supreme Court said:

"We have concluded that the attachment of the rider makes the lease ambiguous. Not only is its meaning uncertain and doubtful, thus meeting the test of ambiguity announced in *Neece v. A. A. A., Realty Company,* 159 Tex. 403, 322 S.W.2d 597, our latest decision on the subject, but it is also subject to more than one reasonable meaning, unresolvable by rules of interpretation, thus meeting the stricter test of ambiguity laid down in *Universal C. I. T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154."

Under appropriate summary judgment rules we hold the Bank failed to discharge its burden of establishing as a matter of law that there was no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970).

The judgment is reversed and the cause is remanded.