TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

Cindy Mothershead BORUM, Appellee.

No. 04–88–00384–CV.

Court of Appeals of Texas, San Antonio.

June 21, 1989.

Rehearing Denied Aug. 30, 1989.

Carlos Villarreal, Darrell L. Barger, Hunt, Hermanson, McKibben & Barger, Corpus Christi, for appellant.

Michael G. Terry, William R. Edwards, Edwards & Terry, Corpus Christi, for appellee.

Before BUTTS, CHAPA and KLINGEMAN, JJ.

## OPINION

KLINGEMAN, Justice *.

This is an appeal in a workers' compensation case. Cindy Mothershead Borum sued Texas Employers' Insurance Association (TEIA) to recover workers' compensation death benefits which were occasioned by the accidental death of her then-husband Brian Mothershead on February 23, 1981, while he was working on a drilling rig in Willacy County. The drilling rig was operated by Flournoy Drilling Company, and Brian Mothershead was working for Flournoy at the time of his accidental death. TEIA is the workers' compensation insurance carrier for Flournoy Drilling Company. TEIA paid weekly death benefits to Ms. Borum but suspended compensation payments to her on or about July 14, 1986, because of TEIA's contention that she had remarried, thereby terminating her right to such benefits. TEIA will hereinafter be referred to by name or as appellant, and Ms. Borum will hereinafter be referred to by name or as appellee.

Ms. Borum filed a motion for summary judgment, with attached exhibits and the affidavits of herself and Lee Allison Borum. The trial court granted appellee's motion for summary judgment.

The summary judgment proof showed that in mid–1982, Cindy Mothershead met Lee Allison Borum. At that time both were residents of Kentucky. Either in late 1982, or early 1983, Cindy Mothershead and Lee Allison Borum began living together. Appellant asserts that this was an adult sexual relationship, and the record establishes this. As a result of the relationship, one child was born who the Borums recognize as their child. The record shows that the Borums had lived together for approximately five-and-one-half years. In addition to the long period of co-habitation and the exclusive sexual relationship between the Borums, they also split the household chores between them. Both of the Borums stated that they loved each other. Neither has had sexual relations with other people during the period of their co-habitation. Lee Borum and Cindy Mothershead Borum resided in Kentucky at all pertinent times prior to the filing of this lawsuit.

Appellee in her motion for summary judgment asserted, among other things, that the relationship of herself and Lee Allison Borum, both residents of Kentucky, must be evaluated under the provisions of the law of Kentucky. Assuming arguendo that this is correct, we will consider what would happen in this case if this is done. Appellee is correct in her contention that Kentucky generally does not recognize common law marriages. In the context of worker's compensation death benefits, however, Kentucky has established a doctrine which would foreclose recovery of death benefits by a widow who has entered into a common law marriage. *Elkhorn Coal Corporation v. Tackett,* 243 Ky. 694, 49 S.W.2d 571 (1932); *Nolan v. Giacomini,* 250 Ky. 25, 61 S.W.2d 1055 (1933). Both the *Elkhorn* and *Nolan* courts terminated the widow's workers' compensation death benefits upon a showing that the respective widows had entered into common law marriage. In both of these cases, the respective widows argued that Kentucky did not recognize common law marriages, and each further insisted that she was not married to the person with whom she was living.

This is precisely the situation before this court. Ms. Borum denies her marriage, yet is living with Lee Allison Borum, legally taking his surname as her own, and bearing his child. Under this state of facts, a Kentucky court following *Elkhorn* and *Nolan* would grant a judgment against Ms. Borum. There is at least a fact issue as to whether a common law marriage has been entered into between appellee and Lee Allison Borum. Kentucky law, under these circumstances, would, like Texas law, foreclose further death benefit payments to Ms. Borum.

---

* Associate Justice, Retired, Assigned to this case by the Chief Justice of the Supreme Court of Texas.

Both parties agree that this case was properly tried in Texas under the provisions of the Texas Workers' Compensation Act. Texas is the place where the accident occurred. The insurance company is a resident of Texas. The Texas Workers' Compensation Act is here applicable.

Appellant asserts four points of error in which it contends that the trial court erred in:

(1) granting appellee's motion for summary judgment because there was a fact issue as to whether appellee had remarried;

(2) granting $86,250.00 attorney's fees, because the lump sum from which it was calculated was erroneous for a number of reasons;

(3) failing to discount appellee's recoverable past due benefits under Texas Workers' Compensation Act which restricts such benefits to 25%, and where the maximum recovery of attorney's fees should not exceed $26,827.00; and

(4) awarding ten percent (10%) post-judgment interest because the Workers' Compensation Act statutorily provides for a maximum of four percent (4%).

The controlling issue in this case is whether the relationship between Lee Allison Borum and appellee constituted a common law marriage. The Supreme Court of Texas in *Estate of Claveria v. Claveria*, 615 S.W.2d 164 (Tex.1981) held that a valid common law marriage consists of three elements:

(1) an agreement presently to be husband and wife;

(2) living together as husband and wife; and

(3) holding each other out to the public as such.

*Id.* at 166. The Court further stated that marriage, whether ceremonial or common law, is proved by the same character of evidence necessary to establish any other fact. Thus, proof of common law marriage may be shown by the conduct of the parties, or by such circumstances as their addressing each other as husband and wife, acknowledging their children as legitimate, joining in conveyances as spouses, and occupying the same dwelling place. *See also Collora v. Navarro*, 574 S.W.2d 65 (Tex. 1978); *Humphreys v. Humphreys*, 364 S.W.2d 177 (Tex.1963).

It must be noted that this is a summary judgment case. The Supreme Court of Texas in *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975) stated:

In reviewing a summary judgment record it is the duty of appellate courts to apply the following rules which are applicable to this case:

1. The movant for summary judgment ... has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.... *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970).

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant ... will be taken as true. *Cowden v. Bell*, 157 Tex. 44, 300 S.W.2d 286 (1957).

3. Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. *Hudnall v. Tyler Bank & Trust Co.*, 458 S.W.2d 183 (Tex.1970); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952); *Womack v. Allstate Ins. Co.*, 156 Tex. 467, 296 S.W.2d 233 (1956).

*Id.* at 592–93. Applying these standards, we hold that appellee has failed to sustain this burden, because the summary judgment proof reveals genuine disputed material fact issues as set out in each of the four points of error. The trial court erred in granting appellee's motion for summary judgment.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for a trial on the merits.