In re SENSITIVE CARE, INC., Debtor.

**Evanston Insurance Company,**
**Plaintiff,**

v.

**Sensitive Care, Inc., and Jack Elston, Individually and as Representative of the Estate of Lola Dalton, Deceased, Glenda King, Individually and on Behalf of the Estate of Violet Cranford, Deceased, Sybil Slocum, Betty Case, Thomas L. Cranford, Mary L. Spurrier, Howard L. Cranford, Ruby L. Cummings, James L. Cranford, and David L. Cranford, Defendants.**

**Bankruptcy No. 99–31463–SAF–7.**
**Adversary No. 00–3109.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Nov. 17, 2000.

Mr. Robert L. Kaminski, Mr. Stephen A. Roberts, Griggs & Harrison, Austin, TX, for plaintiff.

Mr. Chris Wolffarth, Johnson & Wolffarth, Dallas, TX, for defendant, Robert Milbank, Chapter 7 trustee.

Mr. William J. Dunleavey, Mr. Michael G. Sawicki, Law Offices of Windle Turley, Dallas, TX, for defendants.

Mr. Cris Rasco, Dallas, TX, for defendant Jack Elston.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL,
Bankruptcy Judge.

Evanston Insurance Company filed a declaratory judgment action to establish that it has no obligation under a liability insurance policy to defend defendant Sensitive Care, Inc., and to pay any judgment in two personal injury actions brought against Sensitive Care by defendants Glenda King, individually and on behalf of the estate of Violet Cranford, deceased, and others (Cranford), and by Jack Elston, individually and as representative of the estate of Lola Dalton, deceased (Dalton). Evanston filed a motion for summary judgment seeking the declaration. Dalton and Cranford oppose the motion, but only Cranford filed a written response. The court conducted a hearing on the motion on October 2, 2000.

Under Fed.R.Civ.P. 56(c), made applicable by Bankruptcy Rule 7056, summary judgment may be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law because no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must draw inferences in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing a genuine issue for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Evanston issued its hospital professional liability insurance claims-made policy no. SM802084 to Sensitive Care for the policy period October 1, 1998, to October 1, 1999, with a retroactive date of July 9, 1998. The policy period could be terminated earlier than October 1, 1999, by Sensitive Care by "written notice stating when thereafter such cancellation shall be effective." The policy could be terminated by Evanston by "written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective."

The policy covered claims first made during the policy period. Under a discovery clause, the policy provided that if Sensitive Care becomes aware of malpractice or an occurrence for which coverage would be provided under the policy and gives

Evanston written notice, any claim later made against Sensitive Care arising from that act would be deemed to have been made during the policy period.

By letter dated January 25, 1999, Sensitive Care provided Evanston with a letter regarding a request for medical records by Cranford. By letter dated February 3, 1999, Evanston confirmed that it established a claim file for Cranford. Inga Goddijn, an employee of Shand Morahan & Company, the underwriting manager for Evanston, which acted on behalf of Evanston, acknowledged at her deposition that Evanston had established a claim file for Cranford by February 3, 1999. She also identified a notice of medical malpractice claim for Cranford received by Evanston by March 30, 1999. Although the underlying letters have not been submitted as summary judgment evidence, Goddijn testified at deposition, at pages 46–47, that Evanston had notice of a Dalton claim, as well. Evanston's summary judgment motion reports a notice of the Dalton claim dated March 10, 1999, and a notice of the Cranford claim dated March 17, 1999.

On February 8, 1999, Evanston provided Sensitive Care with written notice that the policy "is hereby cancelled effective April 15, 1999 at 12:01 a.m. . . . ."

On February 24, 1999, an involuntary petition seeking to place Sensitive Care in a bankruptcy case had been filed. On March 5, 1999, Sensitive Care ceased operating the nursing homes here subject to the policy. On March 25, 1999, the court entered an order for relief under Chapter 7 of the Bankruptcy Code. The United States Trustee appointed Robert Milbank, Jr., the Chapter 7 trustee of the Sensitive Care bankruptcy estate.

On April 15, 1999, the trustee faxed a letter to Evanston stating "it is my desire to cancel coverage, as of March 5, 1999 . . . ." The trustee's counsel faxed the letter to Evanston at 5:37 p.m. on April 15, 1999. On April 16, 1999, Evanston issued a written notice of reinstatement, stating "[t]he Notice of Cancellation letter dated February 4[sic], 1999 is hereby rescinded and the above-referenced policy remains in force with no lapse of coverage." According to Goddijn's deposition testimony, Evanston rescinded the cancellation because of the uncertain impact of the automatic stay on the effectiveness of the cancellation. Although faxed the day before, Goddijn testified that Evanston did not receive the trustee's letter until April 16, 1999, after Evanston issued its notice of reinstatement.

The summary judgment record demonstrates a fact issue of whether Evanston received the trustee's letter before or after it issued its notice of reinstatement. For that matter, the record reveals a fact issue of whether, if received before, the trustee's letter was not read until after Evanston reinstated the policy. But, in either event, on April 16, 1999, Evanston acted on the trustee's request to cancel the policy, effective March 5, 1999. Prior to cancelling the policy, Goddijn acknowledged that Evanston had notice of the Dalton and Cranford claims.

Sensitive Care had financed the premium on the Evanston policy through AFCO Credit Corporation. On April 21, 1999, AFCO filed a motion for relief from the automatic stay to allow it to take acts to cancel the insurance policy and obtain a refund of any unearned premiums. On May 5, 1999, the court entered an order terminating the automatic stay to allow AFCO to exercise its rights to its collateral and to request cancellation of the policy retroactively effective March 5, 1999. In the event AFCO acted after the lifting of the stay, any net premium refund had to be turned over to the trustee.

Evanston cancelled the policy as of March 5, 1999, and issued a premium refund. The trustee paid the AFCO obligation and obtained the net refund proceeds.

After obtaining relief from the automatic stay, Cranford and Dalton filed complaints based on their claims in Texas state court.

In this declaratory judgment action, Evanston contends that the claims had not been made during the policy period, the law suits having been filed after the policy had been cancelled retroactively to March 5, 1999.

Evanston argues that it received the notices dated March 10, 1999, and March 17, 1999, after the cancellation's effective date of March 5, 1999. Consequently, the claims would have been made after the policy period, resulting in a lack of coverage. The trustee suggests, at the hearing, that he personally did not know of the claims. Had he known, the trustee argues, he would not have retroactively cancelled the policy. Believing the bankruptcy estate could realize a premium refund, the trustee says he acted to cancel the policy retroactively. The trustee did not submit supporting summary judgment evidence for that position. AFCO sought similar action in its motion for relief from the automatic stay.

Cranford and Dalton contend, on the other hand, that (1) the trustee's letter of April 16, 1999, could not cancel the policy retroactively because the policy had been cancelled by Evanston at 12:01 a.m. on April 15, 1999; (2) the trustee's letter did not effectively cancel the policy because it did not comply with the insurance policy's requirement for cancellation notice by the insured; (3) even if the policy had been effectively cancelled retroactively, Evanston had sufficient notice of the claims under the policy's discovery clause; and (4) even if the policy cancelled retroactively by the trustee's letter, Evanston reinstated the policy with no lapse in coverage.

■ Evanston replies, in part, that the claimants cannot be heard to enforce rights in the policy until or unless they have first obtained a judgment against Sensitive Care. Evanston has brought this declaratory judgment action against the claimants and the trustee. As defendants, they have a right to be heard.

■ Consequently, the court addresses the claimants arguments against summary judgment in the order presented. First, the claimants contend that the trustee's letter of April 15, 1999, directing that the policy be cancelled retroactively to March 5, 1999, cannot be effective because Evanston had cancelled the policy effective 12:01 a.m. on April 15, 1999. The trustee did not fax his notice until later that day. A policy once cancelled, cannot be retroactively cancelled, argue the claimants. Since Evanston acknowledges notice of the claims prior to that time, coverage exists.

Evanston's letter of February 8, 1999, provided written notice of the cancellation of the policy effective 12:01 a.m. on April 15, 1999. Goddijn testified at deposition that because of concerns raised by the intervening bankruptcy case, Evanston rescinded that notice and reinstated the policy on April 16, 1999, without lapse of coverage. Evanston received the trustee's letter requesting retroactive cancellation after 12:01 a.m. on April 15, 1999. If Evanston's February 8, 1999, notice was effective, the policy was therefore cancelled before Evanston reinstated it. But the automatic stay intervened. And Evanston reinstated the policy to provide for no lapse of coverage. There is no genuine issue of material fact that, as a result, the notice of February 8, 1999, did not result in the cancellation of the policy.

■ The claimants next argue that the trustee's letter of April 15, 1999, could not effectively cancel the policy retroactively because the notice did not comply with the policy requirement. The policy requires that the insured give "written notice stating when thereafter such cancellation shall be effective." The policy requires prospective cancellation, not retroactive cancellation. The trustee could only therefore provide a cancellation "thereafter" the date of the written notice. That contractual provision protects both the insured and the insurer from running afoul of the Texas Supreme Court's admonition in *Womack v. Allstate Insurance Co.*, 156 Tex.

467, 472, 296 S.W.2d 233 (1956), that cancellation after an event of coverage has occurred cannot relieve the insurer of liability. Nevertheless, Evanston accepted the retroactive cancellation, and issued a premium refund. Evanston appears to have thereby waived the contractual requirement.

This leads to the claimants' next argument. Written notice sufficient to meet the policy's discovery clause preserves coverage for claims actually brought after the policy period. Construing the summary judgment evidence in the light most favorable to the defendants, Evanston acknowledged in writing that it established a claim file for Cranford by February 3, 1999, and had knowledge of both the Cranford and Dalton matters before March 30, 1999. The trustee published his written notice to Evanston on April 15, 1999, which Evanston received either that day or on April 16, 1999. Evanston cancelled the policy on April 16, 1999, retroactive to March 5, 1999. This summary judgment evidence establishes a genuine issue of material fact. If Evanston had written notice, under the policy, any claim made by Cranford or Dalton against Evanston arising from the matter noticed would be deemed to have been made during the policy period and, hence, there would be coverage for Cranford and Dalton, notwithstanding the retroactive cancellation. Evanston therefore is not entitled to summary judgment.

Lastly, the claimants contend that even if the trustee cancelled the policy retroactively, Evanston reinstated the policy on April 16, 1999, without lapse of coverage. On April 16, 1999, Evanston rescinded the February 8, 1999, notice of cancellation and provided the "policy remains in force with no lapse in coverage." The claimants contend that the trustee did not thereafter cancel the policy. The trustee's letter was faxed to Evanston on April 15, 1999. But Goddijn testified at deposition that Evanston did not see the trustee's letter until after it reinstated the policy on April 16, 1999. The trustee and Evanston acted as if the policy had been cancelled retroactively, however, since Evanston issued the refund and the trustee accepted the net proceeds of the refund.

Evanston concedes that it reinstated the policy on April 16, 1999, without lapse of coverage. Then, later that same day, it cancelled the policy retroactively to March 5, 1999. There is a genuine fact issue of whether it knew about the trustee's request before or after it reinstated the policy. But regardless of the resolution of that fact issue, the policy had been reinstated without lapse of coverage on April 16, 1999. And Evanston concedes notice of the Cranford and Dalton claims before that day. Although this may be no more than an alternative approach to the discovery clause provision of the policy, the subsequent act to retroactively cancel the policy would not preclude coverage for prior noticed acts. On summary judgment, the court cannot determine the effect of Evanston issuing the particular premium refund since it actually had reinstated the policy without lapse of coverage, and then cancelled retroactively. Evanston would be held, under the policy, to the notice of acts or claims it received up to April 16, 1999, since it acknowledged coverage without lapse until that date, and, only after, did it act to retroactively cancel the policy. But, whether Evanston erred in issuing the refund in the amount or manner that it did, there remains a genuine issue of material fact precluding summary judgment regarding notice under the discovery clause.

Accordingly, Evanston has not established that there are no genuine issues of material fact with Evanston entitled to judgment as a matter of law.

Based on the foregoing,

**IT IS ORDERED** that the motion for summary judgment is **DENIED**.