## PAN–AMERICAN CAS. CO. v. BASSO.

### No. 4874.

Court of Civil Appeals of Texas. El Paso.

June 25, 1952.

Rehearing Denied July 16, 1952.

Chaney & Davenport, Dallas, for appellant.

DeShazo & Hyde and Earl Luna, Dallas, for appellee.

SUTTON, Justice.

This appeal is from the 14th District Court of Dallas County, Sarah T. Hughes, Judge, in a summary judgment proceeding.

Chris Basso sued Pan-American Casualty Company to recover on a judgment recovered by him against North Dallas Taxicab Company and a policy of insurance issued by the defendant to J. L. Clemmons, doing business as North Dallas Taxicab Company.

Plaintiff alleged that prior to November 8, 1948, the City of Dallas required the Taxicab Company to carry public liability and property damage insurance in order to operate taxicabs in the city, and that prior to such date the defendant issued to the taxicab company such a policy of insurance. It is further alleged plaintiff recovered a judgment against the taxicab company on the 5th day of October, 1950, in the principal amount of $6,100, interest and costs, which judgment remained unsatisfied, etc., and the defendant was liable to him in the amount of the policy, $2,750.

The defendant answered with exceptions and other pleas and specially that the policy required the taxicab company to give written notice of any accident that occurred and forward to the company every demand, notice, summons or other process received by it and that no action should lie unless all such things required by the policy had been complied with, and that the taxicab company had failed to do any of such things as is required of it and had failed to in anywise co-operate as obligated by the provisions of the policy to do. The judgment sued on was a default judgment.

The plaintiff in this cause filed a motion for a summary judgment The defendant filed its reply setting up all defenses set up in its answer and attached a copy of the policy to its reply, and in a trial amendment filed and presented all city ordinances af-, fecting the matters in controversy and the contract between the plaintiff and the City

Transportation Company, under which the taxicab company operated.

The matters in controversy under the motion were presented to and heard by the Court and judgment followed for the plaintiff, from which this appeal is prosecuted.

The defendant has six points of error, the substance of all of which are, as we understand them, it is not liable because the insured failed to notify it of the accident, the claim made, to forward the citation or otherwise cooperate with it in resisting the claim and suit in compliance with the provisions of the policy, as is set up in its answer and reply to the motion for a summary judgment, and there is no ordinance provision or law fixing any other and further liability than is provided in the policy itself.

The ordinances of the City of Dallas touching the matters presented in the suit are each in the record.

By an ordinance of the City of Dallas it is unlawful for any person to operate any automobile for hire within the city without a franchise from the city to do so. City Transportation Company was granted such a franchise by an ordinance duly passed and it was provided therein the grantee might provide taxicab service through divisions or units under trade-names or trade-marks, or through operating companies. The City Transportation Company made an operating agreement with the North Dallas Taxicab Company, which contract required the Taxicab Company to pay to the Transportation Company a monthly premium with which to provide public liability insurance with a provision that under certain stipulated conditions it might provide its own insurance with a company acceptable to the city. The operating contract was approved by a resolution adopted by the city. The ordinance granting the franchise to the transportation company required the company to post bonds or insurance policies covering its automobiles assuring the operation thereof with due care and caution for the public safety. This provision of the ordinance was complied with by posting bonds in the amount of $10,000. The same section of the ordinance provided the bond or policy should be conditioned that the holder of the franchise shall well and truly pay the mayor, etc., for the benefit of every judgment creditor who has been injured through the negligent operation of its automobiles by the grantee or its employees, or will well and truly pay directly to any judgment creditor who has been injured, or whose property has been damaged, any amount, or amounts, of money that shall have been awarded by any final judgment of any court of competent jurisdiction against such grantee on account of such injury not to exceed certain named amounts.

As we understand it, it is not disputed that plaintiff has brought himself within all the terms and conditions of the ordinance if there be any legal liability on the part of the defendant.

The policy of insurance was issued to "J. L. Clemmons d/b/a North Dallas Taxicab Co." Under item 5, "Use" it is stated in typewriter type the purpose for which the automobile is to be used "are, As a taxicab in Dallas, Texas, as defined in its taxicab ordinance." There can be no question but that the parties understood the purpose of the insurance and in such situation the familiar rule that the provisions of the law applicable thereto are to be read into the contract and become a part thereof. It is hardly necessary to cite authorities on this proposition, but see Camden Fire Insurance Ass'n v. Clayton & Co., 117 Tex. 414, 6 S.W.2d 1029, loc. cit. 1030(3) and the cases there cited. The same rule applies to municipal ordinances. Scanlan v. Home Ins. Co., Tex.Civ.App., 79 S.W.2d 186, e. r. and cases cited, and Commercial Standard Ins. Co. v. Philpot, Tex.Civ.App., 82 S.W.2d 681. It follows, therefore, the contract of insurance was not one merely indemnifying the insured against liability but one contracting to pay any judgment creditor the amount of his judgment obtained under the provisions of the ordinance and within the amount specified in the policy. The case differs from those relied upon by the defendant such as Universal Automobile Ins. Co. v. Culberson, 126 Tex. 282, 86 S.W.2d 727; American Indemnity Co. v. Martin, 126 Tex. 73, 84 S.W.2d 697; New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306,

190 S.W.2d 56, etc., but is controlled by the principles announced in such cases as Ferris v. Southern Underwriters, Tex.Civ. App., 109 S.W.2d 223, e. r., and Grasso v. Cannon Ball Motor Freight Lines, 125 Tex. 154, 81 S.W.2d 482(T).

It is admitted the insured did not comply with the provisions with respect to notice, the supplying of claims, summons, etc., as claimed by the defendant, but the undisputed facts are he did nothing and it is said in the reply to the motion by the defendant he in fact received no citation or process at all. This failure goes to the protection of the insured, Clemmons, alone, and does not apply to the plaintiff because he was not required by the provisions of the ordinance to do anything by way of giving notice, etc.

We think the contention the defenses set up by the defendant are good because neither the policy nor the ordinance precludes the right to assert them is not tenable. As has already been pointed out the ordinance granting the franchise to the City Transportation Company authorized it to operate taxicabs through divisions, or units, under trade-names or trade-marks, or through operating companies. The taxicab company was not an assignee of any privileges under the franchise, because an assignment is specifically prohibited, but it was a mere agent or representative of the Transportation Company. The ordinance required the posting of the security for the benefit of a judgment creditor by supplying insurance, or in the alternative by depositing cash or bonds of a designated class or classes. The mere fact the Transportation Company permitted or required the taxicab company to post insurance for the same purpose and thereby relieve it and its securities from the responsibility cannot and should not relieve the defendant of a liability it voluntarily undertook for premiums paid. The policy was issued, and so states on its face, for the purpose of protecting a taxicab operated under the ordinance that required the assurance, and neither the policy nor the ordinance required of a claimant anything other than to establish liability by the procurement of a judgment. This had been done and the ordinance provides for its payment.

For the reasons stated it is our opinion defendant's points are not well taken and they are overruled and the judgment of the trial court is affirmed.

PRICE, C. J., not participating.