**FIRST NATIONAL INDEMNITY COMPANY, Appellant,**

v.

**John A. MERCADO, Appellee.**

**No. 12151.**

Court of Civil Appeals of Texas, Austin.

June 12, 1974.

Richard T. McCarroll, Barry K. Bishop, Clark, Thomas, Denius, Winters & Shapiro, Austin, for appellant.

Bob Roberts, Byrd, Davis, Eisenberg & Clark, Austin, for appellee.

O'QUINN, Justice.

Appellant indemnity company issued an automobile liability policy to Richard Evilsizer who thereafter was involved in a collision in which John A. Mercado sustained injuries. Appellant denied coverage and declined to defend a suit brought by Mercado against Evilsizer. Mercado obtained judgment in the amount of $4,000 and subsequently brought this suit to enforce that judgment against appellant as the insurer of Evilsizer.

Trial was before the court without the aid of a jury, and the court entered judgment in November of 1973 for Mercado. Appellant brings four points of error, the first two being evidentiary issues involving authority of an insurance broker to receive or waive notice requirements of the insurance policy, and the last two points attacking the nature of the trial in which Mercado obtained judgment against Evilsizer.

We will overrule all points of error and affirm the judgment of the trial court.

The trial court made and filed findings of fact and conclusions of law. Appellant contends that there was no evidence, and insufficient evidence, to support the finding of the trial court that Gene S. Bowman, an insurance broker to whom Evilsizer, as the insured, gave notice of the collision in which Mercado was injured, was an agent of appellant to receive notice or waive the notice requirements of the insurance policy.

If there is evidence of probative force to support the trial court's findings, its findings are binding upon this Court. In determining the question we must view the evidence in the light most favorable to Mercado as plaintiff, rejecting all evidence favorable to defendant indemnity company. Campbell v. Swinney, 328 S.W.2d 330, 334 (Tex.Civ.App. Dallas 1959, writ ref. n. r. e.); Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286, 289 (1951); Wilson v. Teague Independent School District, 251 S.W.2d 263, 268 (Tex.Civ.App. Waco 1952, writ ref.); Waters v. Waters, 498 S.W.2d 236, 242 (Tex.Civ.App. Tyler 1973, writ ref. n. r. e.).

Evilsizer purchased the policy of insurance with First National Indemnity Company from Bowman Insurance Agency, owned and operated by Gene S. Bowman, in Austin. Late in April of 1970 Evilsizer was involved in the collision in which Mercado sustained injuries. Immediately after the accident, Evilsizer called Bowman at his agency by telephone and told Bowman about the accident. Bowman investigated the accident and did not report it to the insurance company, nor did Evilsizer make a report directly to the company. The insurance company first became aware of the accident about August 15, 1970, when it received from Mercado's attorney a letter which was forwarded to the company by Bowman.

Prior to sending the letter, Mercado's attorney discussed the accident with Bowman, who stated that notice could be given by letter directed to Bowman Insurance Agency. After Bowman forwarded the letter, the insurance company, about January 13, 1971, affirmatively refused to provide coverage or to defend the lawsuit against Evilsizer.

After suit was filed late in March, 1971, a copy of the petition and the citation were forwarded by Bowman to the company early in April. In a letter accompanying the petition and citation, Bowman advised the company, "The insured and this agency will appreciate proper defense of the rediculous [sic] claim in accordance with the terms and conditions of the policy . . . Your cooperation and assistance is anticipated."

Service was effected on Evilsizer about April 1, and on April 12 Evilsizer's attorney wrote a letter to the company's adjuster advising of the lawsuit and demanding protection for Evilsizer as the insured. About one year later, in April of 1972, Mercado was awarded judgment against Evilsizer in the amount of $4,000. Mercado filed the lawsuit now on appeal against the insurance company late in October of 1973.

Although there was testimony to the contrary, Bowman testified that the executive vice-president of First National Indemnity, who was manager of the entire casualty insurance operation of the company, had instructed Bowman not to furnish the company with written notice, and not to require written notice to be forwarded to the company, in connection with accidents in which there was no apparent responsibility on the part of the policyholder, and in such instances Bowman was directed, or authorized, to use his own judgment.

There was additional testimony of (1) the custom within the insurance industry for the insured to report any accident to the agent, rather than directly to the company, and (2) the custom in the industry that no additional notice was given after notice to the agent, such as Bowman.

Bowman testified that after investigation of the Evilsizer accident and verification of the police report, he "saw nothing in this incident . . . that there was any responsibility whatsoever on the part of the insured." Bowman testified further that, pursuant to his agreement with First National Indemnity, which was the same agreement he had with other companies, he did not report the accident, after deciding there was no responsibility on the part of the insured. Bowman told Evilsizer that the insured had done everything that needed to be done, and Bowman testified that he believed Evilsizer had done everything he was supposed to do with respect to notice upon giving oral report to Bowman of the collision.

The trial court concluded that Gene S. Bowman and his insurance agency were the agents of First National Indemnity Company for purposes of receiving notice of the accident given by Evilsizer immediately after the collision in April of 1970, and that written notice as soon as practicable, as required by the policy, was waived by Bowman by acceptance of oral notice.

We have examined the trial court's findings of fact, in connection with the conclusions of law just stated, and we hold that there was evidence of probative force to support the findings and that the conclusions of law were correctly drawn by the court from such findings. Although as a general rule failure to give notice as required by the policy may relieve the company of liability to the injured third party, such provisions, being for the benefit of the company, may be waived by the insurer and the company by its conduct will be estopped to assert the notice provision. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233, 236 (1956); Latham v. Mountain States Mutual Casualty Company, 482 S.W.2d 655, 657 (Tex. Civ.App. Houston 1st 1972, writ ref. n. r. e.).

Appellant contends that (1) the prior judgment against the company's insured, Evilsizer, was not determined by "actual trial" or the company's written agreement as required by the "no action" clause of the policy and that (2) there was insufficient evidence to support the trial court's finding that the prior judgment against the insured was not obtained through collusion.

The policy in this case contained the following "no action" clause:

> *"Action Against Company—*
> *Coverages A and B:*

No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

In the trial of the cause on appeal, the parties stipulated:

That Mercado's claim arose when he was a passenger in an automobile involved in an accident while the car was backed out of a private driveway into the side of a dump truck, driven by Evilsizer, as the truck was partially past the driveway traveling on a public street; that the only witness who testified in the trial of Mercado v. Evilsizer was Mercado; that medical records were read into evidence by agreement; that no defense witness, neither Evilsizer nor investigating police officers, testified in the earlier case; that Evilsizer's attorney, if called to testify in the present cause, would say that he put on no defense witness to testify, agreed to reading of the medical records, and conducted the defense of the case in the manner described because his client had no personal liability under any judgment rendered against him, pursuant to terms of an agreement executed prior to trial with Mercado, the effect of which was that Mercado would not levy execution against Evilsizer or his property, except the insur-

ance policy issued to Evilsizer by First National Indemnity Company.

In this case the insurance company refused to defend Evilsizer against the claim of Mercado, and, despite the "no action" clause in the policy, we believe Evilsizer was entitled to protect himself by the agreement with Mercado. This principle, although under facts different from this case, was established by this Court in Langdeau v. Pittman, 337 S.W.2d 343 (Tex.Civ.App. Austin 1960, writ ref. n. r. e.). There the insurance company had become insolvent and was in receivership, unable to defend the insured under the policy. In this case the insurance company, presumably solvent, simply refused to defend the insured. In either case, the insured being left to defend himself alone, reasonably may be expected to covenant against his own liability and to hold cost of his defense to a minimum if he can.

This case was tried in district court before a judge who heard the medical testimony, being medical records offered by agreement, from doctors who had treated Mercado, and heard the testimony of Mercado. The trial court then determined liability and arrived at damages in the sum of $4,000, well under the policy limits of $10,000. These determinations were made by the court and not pursuant to agreement of the parties. Under the circumstances we are unable to find any of the elements of collusion as urged by appellant. Appellant has failed to show prejudice or that the amount of the judgment was unreasonable.

Appellant relies on the "no action" clause of the policy in contending that the prior judgment was not determined by "actual trial." The rule is well established that although an insurance company ordinarily may insist upon compliance with the condition found in the "no action" clause, the company " . . . may not do so after it is given the opportunity to defend the suit or to agree to the settlement and

refuses to do either on the erroneous ground that it has no responsibility under the policy." Gulf Insurance Company v. Parker Products, Inc., 498 S.W.2d 676, 679 (Tex.Sup.1973); Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W. 2d 233, 237 (1956).

The judgment of the trial court is affirmed.