**Harold CRABTREE, Appellant,**

**v.**

**RAY RICHEY & CO., INC., Richey Exploration Co. & Bob Boland, Appellees.**

**No. 2–84–091CV.**

Court of Appeals of Texas,
Fort Worth.

Jan. 9, 1985.

David B. Lobingier, Fort Worth, for appellant.

Law, Snakard, Brown & Gambill and Samuel Denny and G. Parker Young, Fort Worth, for appellees.

FENDER, C.J., and HUGHES and JORDAN, JJ.

## OPINION

HUGHES, Justice.

Appellant, Harold Crabtree (plaintiff), has appealed the granting of a summary judgment in favor of appellees (defendants) in the appellant's breach of contract action. The District Court granted summary judgment on the basis that the appellant's cause of action was barred by the Statute of Frauds.

We affirm.

In April 1981, appellee Bob Boland contacted appellant in hopes of acquiring certain oil and gas leases in Wise County. Boland offered to pay appellant an overriding royalty if he would persuade some of his neighbors to sign oil and gas leases, in addition to the royalty he would receive on his own overriding royalty and appellees claim that appellant was promised only 0.5%. The agreement was never reduced to writing.

After appellant organized his neighbors and persuaded them to sign leases, appellees assigned appellant a 0.5% overriding royalty. Appellant demanded a 1.0% overriding royalty but appellees refused to assign any additional interest. Appellant filed suit in Wise County alleging breach of an express oral contract as his sole cause of action. Appellees answered with an affirmative defense, stating that the appellant's suit was subject to the Statute of Frauds, TEX.BUS. & COM.CODE ANN. sec. 26.01(b)(7) (Vernon Supp.1984), which applies to:

[A] promise or agreement to pay a commission for the sale or purchase of

(A) an oil or gas mining lease;

(B) an oil or gas royalty;

(C) minerals; or

(D) a mineral interest; ...

Appellees moved for summary judgment against appellant. Appellant filed a response which raised the issue of quantum meruit, but he never amended his pleadings to allege quantum meruit. Summary judgment was granted for appellees.

Appellant has now appealed the granting of summary judgment on the basis that a quantum meruit cause of action is not subject to the Statute of Frauds and that appellees were required to file special exceptions, affording the appellant a chance to amend his pleadings, before moving for summary judgment. Appellant does not refute that his contract cause of action was subject to the Statute of Frauds.

■ Without reaching the question of whether a quantum meruit cause of action is subject to the Statute of Frauds, we hold that the appellant never pled a quantum meruit cause of action and that appellees were not obligated to file special exceptions.

■ Where a plaintiff's petition omits *an* element of a cause of action or fails to state it with sufficient clarity to inform the defendant of the nature of the suit, it is true that the defendant must specially except to the plaintiff's pleadings rather than immediately move for summary judgment. However, where a plaintiff pleads *none* of the elements of a viable cause of action, and where the cause of action pled is subject to an affirmative defense, the defendant is not obligated to file special exceptions which would suggest to plaintiff possible causes of action against the defendant.

Appellant cites the case of *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974) as authority for the proposition that a summary judgment cannot be used to circumvent the special exception procedure. While this is a correct statement of the law, it does not apply to this case. In *Herring*, the plaintiff failed to allege specific acts of negligence in a negligence cause of action. *Id.* at 9. Here, we are faced with the assertion of a separate cause of action of which *no* element was pled.

Therefore, we hold that summary judgment was properly granted.

Affirmed.