John P. CHAMBERS, et ux., Appellants,

v.

William O. HUGGINS, et al., Appellees.

No. B14–85–323–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 20, 1986.

Jeffrey H. Hubbard, Houston, for appellants.

Gerald J. Creighton, Jr., Conroe, for appellees.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from a summary judgment rendered in a declaratory judgment action. Appellants, as plaintiffs below, sued in trespass to try title and sought to have a deed reformed to reflect that they are the owners of one-half of the minerals under the deeded parcel as a retained reversionary interest.[1] The trial court awarded summary judgment to appellees and ordered that appellants take nothing. In three points of error, appellants complain that the trial court erred: (1) in granting appellees' motion for summary judgment; (2) in improperly construing the deed in question; and (3) in rendering final judgment as to defendant below Sally Huggins. We affirm.

The record reveals that in 1973 John P. Chambers, as grantor, conveyed 807.64 acres of land located in Burleson County, Texas, to appellee William O. Huggins, III. The 1973 deed provided in pertinent part as follows:

THAT JOHN P. CHAMBERS, of the County of Harris, State of Texas, hereinafter called 'Grantor,' for and in consideration of the sum of Ten Dollars ($10) and other good and valuable considera-tions, in hand paid by William O. Huggins III, of County of Harris, State of Texas, hereinafter called 'Grantee', ... has GRANTED, SOLD and CONVEYED and by these presents does GRANT, SELL and CONVEY unto Grantee herein that certain tract or parcel of real property situated in Burleson County, Texas, *and more particularly described on Exhibit 'A' attached hereto* and made a part hereof for all purposes, *together with one-half (½) of all minerals in, on, and under same. There is reserved herein, in favor of Grantor for a period of Ten (10) years, a non-participating three-fourths (¾) of the usual one-eighth (⅛) royalty. At the end of Ten (10) years, said reservation is to revert to Grantee, his heirs and assigns.* This conveyance is made and accepted *subject to* all and singular the restrictions, easements, *reservations,* conditions and covenants, if any, to the extent the same are validly existing and affect the herein described property as reflected by the Records of the County Clerk of Burleson County, Texas.

Exhibit "A" referred to above provides a description of the property and describes the 807.64 acre tract as follows:

... and being. the *same land conveyed* to D.N. Chambers by Carolyn Giddings Rogers by Deed dated August 25, 1955,....

As noted in Exhibit A, appellants' predecessor in title, D.N. Chambers, originally acquired the 807.64 acre tract from Carolyn Giddings Rogers in a conveyance dated August 25, 1955. In that conveyance, Rogers expressly reserved a one-half mineral interest in the aforementioned property. The 1955 deed and reservation provided in pertinent part as follows:

From the above Grant there is hereby excepted and reserved unto Grantor aforesaid, her heirs and assigns ... an

---

1. The named defendants were William O. Huggins III, his ex-wife Sally N. Huggins, and H.R. Anderson, Edgar C. Griffin and Samuel W. Rizzo, all claimants of various interests in the minerals through grants from William O. Huggins, III. With the exception of Sally Huggins, whose interest was conveyed to her ex-husband by the terms of their divorce decree, the aforementioned individuals are the appellees herein..

undivided one half (½) interest in fee in and to all minerals in, on, and/or under the above described tract of land ... upon the date of expiration of the aforesaid retained mineral interest, as determined under the terms hereof, said mineral interest shall immediately, without the necessity of any further written instrument, vest in and become the property of Grantee herein, his heirs and assigns.

There is no dispute that Rogers reserved an interest in one-half of the minerals under the tract, said interest not expiring until 1980. At issue, however, is whether or not the 1973 conveyance by appellants reserved one-half of the minerals as a reversionary interest, or whether Rogers' interest vested in appellees when the reservation expired in 1980.

In their First Amended Original Petition, appellants sought a declaratory judgment and requested that the trial court construe the deed as reserving the reversionary interest to one-half of the minerals previously retained by the expired Rogers reservation. Appellants alternatively sought to have the deed reformed to reflect their alleged one-half mineral ownership on the basis that either overreaching by appellee Huggins who is an attorney, or an accident or mistake had occurred in the drafting of the 1973 deed, resulting in an ambiguity as to whether appellants had reserved the one-half mineral reversionary interest.

Appellees answered by a general denial and then brought a counterclaim seeking a declaratory judgment construing the deed as reserving only a ¾th of ⅛th royalty for a ten year term. Appellees thereafter duly filed a motion for summary judgment, and through their motion, exhibits, depositions, and brief in support of their motion demonstrated that: (1) the deed was clear, unequivocal and unambiguous and as a matter of law reserved only a ¾th of ⅛th royalty interest for a ten year term; (2) appellants' petition had alleged only conclusions of law on their allegation of "over-reaching" and "material mistake," and as such failed to state a cause of action with genuine factual support in either the pleadings, depositions and affidavits or records on file in the cause. Appellees alleged, therefore, that there was no admissible proof in the record to create a genuine issue of material fact to support appellants' claim for reformation.

Appellants responded to the motion for summary judgment by contending that: (1) appellees failed to establish that a page of the deed was not substituted after execution; (2) the intent of the deed was to convey only one-half of the minerals; and (3) appellants failed to demonstrate in their motion for summary judgment that a mutual mistake did not occur in drafting the deed. No affidavits or other competent summary judgment proof was supplied by appellants other than the above stated allegations in their response.

It was based on these circumstances before the court that the trial judge ruled that there were no genuine issues of any material fact, and that the deed should be construed as a matter of law as conveying the expired reserved interest to appellees.

Turning first to appellants' second point of error, they complain that the trial court erred in construing the deed as a matter of law and in concluding that appellants failed to reserve the reversionary estate in the expired Rogers' mineral interest. Appellants contend that the deed conveys only the real property described together with "one-half (½) of all minerals" and that this demonstrates that appellants intended to convey only one-half of the mineral estate. They argue, therefore, that even though the deed may not expressly state that they reserved the reversionary estate, the same was intended by their express conveyance of only one-half of the minerals to appellees.

██ It has long been established that the question of whether an instrument is ambiguous is a question of law. *Davis v. Andrews*, 361 S.W.2d 419, 424 (Tex.Civ. App.—Dallas 1962, writ ref'd n.r.e.). Furthermore, once an instrument is determined to be unambiguous, its construction is also a question of law and not one of fact.

*Davis, supra*, at 424. Rules of construction require that: (1) where there is no ambiguity, a deed will be enforced as written even if it does not express the original intention of the parties; (2) the intention of the parties must be ascertained from the entire instrument, and not isolated portions thereof; (3) deeds are construed to confer the *greatest* estate that their terms will permit; (4) grants are liberally, exceptions strictly, construed against the grantor; (5) deeds capable of two constructions are construed to convey to the grantee the largest estate possible; (6) it is presumed that all promises and agreements were merged into and fully expressed by the written instrument; and (7) an unambiguous written document will be enforced as written and cannot be varied or contradicted by parol testimony *unless* it is clearly alleged and proved that its execution was procured by fraud, accident or mistake. *Davis, supra*, at 423–24.

It is clear that the deed in question does not expressly state that grantor Chambers reserved the reversionary interest in one-half of the mineral estate under the deeded parcel. Appellants' argument, however, appears to be that it was reserved by implication since it was not expressly conveyed to appellees. The law is clear, however, that a reservation of minerals must be made by clear language and courts do not favor reservations by implication. *Sharp v. Fowler*, 151 Tex. 490, 252 S.W.2d 153, 154 (Tex.1952). A reversionary estate passes with the grant of the surface rights *unless* the reversion is specifically reserved to the grantor. *Ladd v. Du Bose*, 344 S.W.2d 476 (Tex.Civ.App.—Amarillo 1961, no writ). In *Ladd v. Du Bose*, the deed in question stated that one-fourth of the mineral estate had already been sold to a third party, one-fourth was reserved to the grantor, and one-half was conveyed to the grantee. The one-fourth interest held by the third party was in fact a fifteen year term interest. The court held that when the fifteen year term expired, the one-fourth term interest passed to the grantee because it was not expressly reserved by the grantor. Similarly in *Melton v. Davis*,

443 S.W.2d 605 (Tex.Civ.App.—Tyler 1969, writ ref'd n.r.e.), a 92.5 acre parcel of land was conveyed *save and except* a 4.178 surface acre estate which was reserved for the State of Texas for a right-of-way. The effect of the exception was that the grantees were conveyed a surface estate of 88.3 acres. A dispute arose between the grantors and grantees as to the ownership of the minerals under the State's 4.178 surface estate. The trial court held in favor of the grantors after finding that the deed did not pass the mineral estate under the 4.178 acre tract to the grantees. The court of civil appeals, however, held that the mineral estate passed to the grantees because the only exception made by the grantors from the "land conveyed" was as to the State's surface interest, and no reservation as to the minerals was made by the grantors. The court held that if the grantors had intended to reserve the disputed minerals, they could have done so by specific and unequivocal language expressing such intent. *Melton v. Davis*, 443 S.W.2d at 608.

We are of the opinion that the terms of the instant deed are clear and unambiguous and that as a matter of law the deed clearly conveyed the land together with a *present* one-half interest in the minerals. Furthermore, in view of the foregoing authorities, we are also of the opinion that the reversionary estate in the remaining one-half of the minerals passed to the grantee upon its expiration, as there is no reservation of that interest by the grantor-appellant. Accordingly, appellants' second point of error is overruled.

Turning next to their first point of error, appellants complain that the trial court erred in granting appellees' motion for summary judgment on the basis that appellees failed to prove the following: (1) that appellants' failure to reserve the one-half mineral interest was not the result of overreaching or accident by appellee Huggins; (2) that a mutual mistake did not occur in the drafting of the deed resulting in the omission of a reserved interest in the one-half minerals in appellants; and (3) that appellees failed to prove that a page of the

deed was not substituted after execution— an allegation contained in appellants' response to the motion for summary judgment. In the alternative, appellants assert that if appellees' motion was essentially an exception to appellants' pleadings, then they should have had an opportunity to amend their pleadings to correct any "inadequacy" before appellees could move for a summary judgment.

Turning first to appellants' alternate argument under this point of error, we must decide whether the trial court's granting of the summary judgment was appropriate, or whether appellees should have first lodged a special exception to appellants' pleadings thus affording them an opportunity to amend. Appellants' Second Amended Original Petition states in pertinent part the following:

> Plaintiff would show that in the unlikely event it should be determined that by reason of the contract of conveyance, Plaintiff has purportedly conveyed all right, title and interest in and to the subject property and is not the owner of one-half (½) of the mineral estate, same is the result of overreaching on the part of Defendant Huggins who at all times material is an attorney duly licensed to practice law by the Supreme Court of Texas or is the result of an accident in drafting of the agreements between Plaintiff and Defendant affecting the subject property or is the result of a material mistake in that at all times material it was the understanding of Plaintiff and Defendant Huggins that Defendant Huggins was to receive only one-half (½) of the mineral estate. Plaintiff is entitled to reformation.

The above quoted material is appellants' entire pleadings on the issue of fraud or overreaching and mutual mistake. Appellants argue that this was adequate to cause appellees to have the burden of negating a cause of action under either of these theories or alternatively that a special exception should have been lodged to afford them an opportunity to cure their pleading defects, if any.

It is clear that the general rule requires that where a movant's motion for summary judgment attacks a nonmovant's pleadings for failure to state a cause of action, a special exception should first be lodged in order to provide the nonmovant an opportunity to amend and correct a pleading defect. *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex.1983); *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 9–10 (Tex.1974). This rule underscores and effects a long-standing policy that the issue of whether a parties' pleadings fails to state a cause of action should not be resolved by a summary judgment. Certainly this rule has merit, especially in those instances where a parties' pleadings suffer only from a technical defect or where a party has adequately pled essentially all of the necessary elements of its cause of action. *See, e.g., Massey v. Armco Steel Co.,* 652 S.W.2d at 934 (plaintiff failed to plead one of five elements necessary for an actionable civil conspiracy); *Texas Department of Corrections v. Herring,* 513 S.W.2d at 9–10 (plaintiff's negligence cause of action was insufficient for failure to plead specific act of negligence as required by the Texas Tort Claims Act). Similarly, the rule is also desirable when a movant's *sole basis* for requesting that a summary judgment be entered is an inadequacy or defect in its opponent's pleadings. *See, e.g., Stiver v. Texas Instruments Inc.,* 615 S.W.2d 839, 843 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

While we are cognizant of the general rule that a special exception should be lodged when an opponent's pleadings fails in some way to state a cause of action, we are of the opinion that there is a clear distinction between failing to adequately state a cause of action and failing to set forth any cause of action whatsoever. In *Hidalgo v. Surety Savings & Loan Ass'n,* 462 S.W.2d 540, 543 n. 1 (Tex.1971), the supreme court emphasized that it was not to be understood as holding that a summary judgment could never be rendered on the pleadings when an opponent's pleadings fails to state a legal claim or cause of action. The supreme court stated that:

"[i]n such cases summary judgment does not rest on proof supplied by pleading, sworn or unsworn, but on deficiencies in the opposing pleading." *Hidalgo v. Surety Savings & Loan Ass'n,* 462 S.W.2d at 543 n. 1. We note with approval the recent case of *Crabtree v. Ray Richey & Co.,* 682 S.W.2d 727 (Tex.App.—Fort Worth 1985, no writ), which recognizes the distinction between inadequately pleading a cause of action and utterly failing to plead a viable cause of action. In *Crabtree,* the plaintiff/appellant brought a cause of action for breach of an express oral contract. The defendants/appellees moved for summary judgment on the basis that the cause was barred by the Statute of Frauds. The issue of quantum meruit was raised by appellant for the first time in his response to the motion, and his pleadings were never amended to plead such a cause of action. Appellees' motion for summary judgment was granted. On appeal, appellant asserted that because his quantum meruit cause was not barred by the Statute of Frauds, appellees should have lodged a special exception affording him an opportunity to amend. In rejecting this contention the court stated that since appellant never pled a cause of action for quantum meruit, appellees were not obligated to file a special exception. The court reasoned that:

> [w]here a plaintiff's petition omits *an* element of a cause of action or fails to state it with sufficient clarity to inform the defendant of the nature of the suit, it is true that the defendant must specially except to the plaintiff's pleadings rather than immediately move for summary judgment. However, where a plaintiff pleads *none* of the elements of a viable cause of action, and where the cause of action pled is subject to an affirmative defense, the defendant is not obligated to file special exceptions which would suggest to plaintiff possible causes of action against the defendant.

*Crabtree v. Ray Richey & Co.,* 682 S.W.2d at 728. The court in *Crabtree* distinguished those cases such as *Texas Department of Corrections v. Herring* cited above, by noting the difference between inadequate pleadings and no pleadings at all. *Crabtree, supra,* at 728.

We approve of the reasoning of the *Crabtree* court and extend its rationale to the particular circumstances of the instant case. Appellant, as plaintiff below, filed pleadings which utterly failed to plead a cause of action for either fraud or overreaching or mutual mistake. A cause of action for fraud requires a showing of the following elements: (1) that a material representation of fact was made; (2) that it was false; (3) that, when the speaker made it, he knew it was false, or that he made it recklessly without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; and (6) that he thereby suffered injury. *Custom Leasing, Inc. v. Texas Bank & Trust Co. of Dallas,* 516 S.W.2d 138, 143 (Tex.1974); *Walker v. Horine,* 695 S.W.2d 572, 575 (Tex.App.—Corpus Christi 1985, no writ). Furthermore, a cause of action under a theory of mutual mistake requires a showing that the mistake was *mutual* and that it was a material inducement to the transaction. *Spain v. Fuston,* 242 S.W.2d 892, 894 (Tex.Civ.App.—Fort Worth 1951, no writ); *Camp v. Smith,* 166 S.W. 22, 23 (Tex.Civ.App.—El Paso 1914, writ ref'd). It is not enough that one party signed the deed believing it did not contain what was plainly expressed therein. *Spain v. Fuston,* 424 S.W.2d at 894.

As can be seen from the pertinent portion of appellants' pleadings quoted above, their Second Amended Original Petition totally failed to set out the elements of a cause of action under either fraud/misrepresentation or mutual mistake, nor did their pleadings set forth even the minimum factual basis necessary to support such causes of action. Their pleading contains no more than conclusory allegations of these theories. We are of the opinion that no special exception was necessary as appellants failed to approach the minimum adequacy of pleading which entitles a party to the protection afforded by the special

exception requirement. Certainly the rule was not designed to allow a party who neither pleads nor even sets forth adequate facts to support a cause of action under a particular theory, to set aside an otherwise valid summary judgment on the basis that a special exception was not lodged against various conclusory allegations contained in their pleadings. As stated in *Crabtree,* a defendant/movant "... is not obligated to file special exceptions which would suggest to plaintiff possible causes of action against the defendant." *Crabtree v. Ray Richey & Co.,* 682 S.W.2d at 728.

Furthermore, we are of the opinion that appellants' contention that appellees had the burden in their Motion for Summary Judgment, to negate the existence of fraud/misrepresentation or mutual mistake is also without merit. "No longer must a movant negate all possible issues of law and fact that could be raised by the non-movant, but were not." *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex.1979). As discussed above, both appellants' pleadings and their response to appellees' motion for summary judgment failed to raise any fact issues with regard to fraud/misrepresentation or mutual mistake, therefore appellees' burden to negate such matters in their motion never arose. *Walker v. Horine,* 695 S.W.2d 572, 575 (Tex.App.—Corpus Christi 1985, no writ).

As stated in *Clear Creek,* "... the non-movant must now, in a written answer or response to the motion, expressly present to the trial court those issues that would defeat the movant's right to a summary judgment and failing to do so, may not later assign them as error on appeal." *Clear Creek, supra,* at 679. In this connection, appellees had no burden to prove that a page of the deed was not inserted or substituted after the deed was executed by reason of appellants' naked assertion in their response that a page and an exhibit have "... clearly been prepared with a typewriter different from that used to prepare the first and third pages...." Conclusory allegations of this nature, which find no factual support in either the pleadings, response, or in any other summary judgment proof, cannot be employed to defeat a movant's otherwise valid motion for summary judgment. In view of the foregoing, appellants' first point of error is overruled.

In their third point of error, appellants complain that the trial court erred in rendering final judgment as to defendant below Sally Huggins. Huggins was a party defendant in both petitions filed by appellants. At the time of the summary judgment hearing, however, she was no longer a party in interest by the terms of her Divorce Decree which conveyed all of her interest in the property to her husband, appellee William O. Huggins, III. We find no error in the trial court's inclusion of Sally Huggins' name in the final judgment. The judgment in a cause is proper if it conforms to the pleadings, and as appellants brought suit against Sally Huggins, it was proper for the judgment to reflect that appellants recover nothing against her. TEX.R.CIV.P. 301. Accordingly, appellants' third point of error is overruled.

The judgment of the trial court is affirmed.