**T.R. and Barney OWENS, Appellants,**

v.

**Charles LITTON, M.D., Appellee.**

**No. A14–90–00442–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 16, 1992.

Grant Kaiser, Randall O. Sorrels, Houston, for appellants.

Sam Yates, Nick C. Nichols, Houston, James A. Williams, Kevin J. Keith, Dallas, for appellee.

Before MURPHY, SEARS and CANNON, JJ.

## ON MOTION FOR REHEARING

SEARS, Justice.

On Motion for Rehearing, the original opinion is withdrawn, this opinion is substituted, and the Motion for Rehearing is overruled.

This is an appeal from a summary judgment rendered in favor of appellee in a medical malpractice case. In their sole point of error, appellants assert that a genuine issue of material fact exists which would preclude the summary judgment rendered in favor of appellee. We reverse and remand.

On February 23, 1984, T.R. Owens was placed under anesthesia for the purposes of undergoing surgery to remove a cancerous lesion from his large intestine. The surgery was performed by Dr. Paul Cunningham and Dr. John McKenna at St. Mary's Hospital in Galveston. The anesthesia was administered by Herman Ratcliff, a registered nurse anesthetist, under the supervision of an anesthesiologist, Dr. Robert Nelson. At the completion of the surgical procedure, Mr. Owens suffered a cardiac arrest. Following resuscitation, Mr. Owens remained in a coma for approximately two years before his death.

At the time of Mr. Owens' surgery, appellee, Dr. Charles Litton, was the chief anesthesiologist and the medical director of the Department of Anesthesia at St. Mary's Hospital. Appellee was also the president of L & S Anesthesiologists Associates, M.D., P.A. (L & S). L & S contracted with St. Mary's Hospital to staff the hospital's anesthesia department. As a part of that contractual arrangement, L & S agreed to provide appropriate medical supervision for nurse anesthetists, as well as assume responsibility for the quality of all work done by the nurse anesthetists, and that Dr. Litton "shall be responsible for all work done by nurse anesthetists."

Appellants brought suit against Dr. Cunningham, Dr. McKenna, Dr. Litton, Dr. Nelson, Herman Ratcliff, L & S, St. Mary's Hospital, and Gulf Coast Professional Services, Inc. alleging that defendants' negligence proximately caused the injury and resulting death of Mr. Owens. Appellants pled that Dr. Litton was in charge of the Anesthesia Department at St. Mary's Hospital, by and through L & S Anesthesi-

ologists Associates, and that Dr. Litton assigned the medical personnel that assisted in the administration of the anesthesia. They also pled that Dr. Litton was negligent in hiring and retaining Robert Nelson and Herman Ratcliff, and that all three were negligent in the selection and administration of anesthetic techniques administered to Mr. Owens, as well as negligent in failing to timely recognize and treat Mr. Owens' cardio-respiratory difficulty. Appellants also alleged Dr. Litton, and others, contractually agreed to provide medical care and services to Mr. Owens and they breached their warranty and obligation to perform professional services in a good and workmanlike manner. All of the acts complained of are alleged to be a proximate cause of the injuries and damages suffered by the appellants. The trial court rendered a summary judgment in favor of Dr. Litton, and following a severance, appellants perfected the instant appeal.

Appellants' sole point of error asserts that the trial court erred in granting Dr. Litton's motion for summary judgment. They argue that sufficient and compelling summary judgment proof established a genuine issue of material fact as to Dr. Litton's right of control over Herman Ratcliff. We agree.

The standards for reviewing a summary judgment are well established. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. Further, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* at 548–49.

Appellee's summary judgment proof consisted of his own affidavits. In those affidavits, appellee stated that he is an employee of L & S and that he had been the Medical Director of St. Mary's Department of Anesthesia since 1966. Appellee further stated that Herman Ratcliff had never been his employee. Appellee denied that he had ever had the responsibility, either in his capacity as Medical Director or in his position with L & S, to exercise any right of control over the anesthesiologists or the anesthetists in the actual administration of anesthesia. Appellee averred that Dr. Nelson was the only anesthesiologist supervising Herman Ratcliff in Mr. Owens' surgery, and that once the procedure began, Herman Ratcliff was in complete control of the administration of anesthesia to Mr. Owens.

In support of their response to appellee's motion for summary judgment, appellants showed that Dr. Litton signed Ratcliff's applications for privileges in 1982 and 1983. In signing these applications, Dr. Litton agreed that he was totally responsible for Ratcliff's performance in the administration of surgical anesthesia. Litton signed these documents in the capacities of Physician Employer–Supervisor and Physician Director. Although the record does not contain a similar application for the year 1984, appellants showed that one would have been required for Ratcliff in 1984 pursuant to the hospital's by-laws and the deposition testimony of St. Mary's medical staff coordinator. Furthermore, appellants showed through the deposition testimony of Dr. Nelson that Dr. Litton had the same authority as himself to give instructions to Ratcliff in the operating room. Further, appellants attached to their response the affidavit of Dr. James Strohmeyer. In Dr. Strohmeyer's expert opinion, he stated it was "customary and standard for the chief of anesthesia to have control or the *right of control* over nurse anesthetists and that the chief of anesthesia could direct the details of the nurse anesthetist's work." (emphasis added).

Appellee points out that Plaintiffs' Third Amended Original Petition contained a "vicarious liability" theory of recovery, and that the Fourth Amended Original Petition deleted that cause of action. Therefore, appellee asserts it is immaterial whether appellee had any "right of control" over Ratcliff because "vicarious liability" or "respondeat superior" wasn't pled. However,

where there are no special exceptions, a petition will be construed liberally in favor of the plaintiff. *Roark v. Allen,* 633 S.W.2d 804 (Tex.1982).

■ While the active pleadings do not contain specific allegations regarding Dr. Litton's "actual control" or "right of control" over Ratcliff, it is clear from the pleadings, and from appellee's Motion for Summary Judgment, that the appellee believed if he could disprove "actual control" he was entitled to a summary judgment; and, appellants' believed proof of "right of control" would sufficiently establish a cause of action. Therefore, all the supporting summary judgment proof attempted to show that Ratcliff was not an "employee" of Dr. Litton, and the proof in opposition established the *right of control* as well as raising a fact question as to *actual control.* Clearly, the pleadings allege a cause of action based on appellee's negligent *hiring, retaining,* and *assigning* Ratcliff and other medical personnel who assisted in the administration of anesthesia to Mr. Owens. Also, appellants pled a cause of action against appellee for his negligence in the selection and administration of anesthetic techniques as well as a breach of contract, warranty and obligation to see that the medical services and care provided Mr. Owens met professional standards and were performed in a workmanlike manner. These causes of action arise out of the fact that appellee had a "right of control," and the issue of "right of control," while not spelled out specifically in Plaintiffs' Fourth Amended Original Petition, was clearly *the* issue contested by the parties in the summary judgment hearing. It is the *right of control,* not actual control, that gives rise to a duty to see that the independent contractor performs his work in a safe manner. *Redinger v. Living Inc.,* 689 S.W.2d 415 (Tex.1985). We find the summary judgment proof clearly raises a fact question regarding whether appellee had a right of control over Ratcliff.

■ Based upon our review of the summary judgment record before us, we conclude that genuine issues of material fact also exist as to whether Herman Ratcliff was hired, retained or assigned by Dr. Litton. Appellee erroneously believes appellants must attack each element of the summary judgment on appeal in order to preserve error. He points to the failure of appellant to attack the summary judgment as it relates to the cause of action for negligent hiring. However, it is the duty of the defendant-movant in a summary judgment to show that there is no genuine issue of material fact and that he is entitled to summary judgment as a matter of law. *Nixon v. Property Management,* 690 S.W.2d 546 (Tex.1985).

Further, the appellate court will not consider evidence that favors the movant unless it is uncontroverted. *Great American Reserve v. San Antonio Plumbing,* 391 S.W.2d 41 (Tex.1965). Appellee's argument that appellant failed to properly point out all points of error is misplaced. The supreme court has approved the broad point of error, in an appeal from the granting of a summary judgment, and all that is required is to simply state: "The trial court erred in granting the motion for summary judgment." *Malooly Bros. v. Napier,* 461 S.W.2d 119 (Tex.1970). This simple wording will allow argument as to all the possible grounds upon which summary judgment should have been denied. *Id.* at 121.

Appellee's summary judgment proof fails to establish as a matter of law that plaintiff has no cause of action against appellee. In fact, it doesn't even address all of plaintiffs' causes of action alleged in the live pleadings, therefore, it cannot be upheld.

Accordingly, we hold that appellee failed to prove that he was entitled to judgment as a matter of law. We sustain appellants' sole point of error.

The judgment of the trial court is reversed and remanded for further proceedings.

MURPHY, Justice, dissenting.

I must respectfully dissent from the court's decision to reverse and remand in this case. I would hold that appellees were entitled to receive summary judgment in their favor. The majority focuses its deci-

sion on what it believes to be the right of Dr. Litton to control Herman Ratcliff in his position as anesthesiologist under a vicarious liability theory. Appellants allege that the trial court wrongfully granted summary judgment in appellee's favor because a genuine issue of material fact existed as to whether Dr. Litton was vicariously liable. However, the appellant's Fourth Amended Original Petition failed to allege vicarious liability as a cause of action.

Summary judgment in favor of the defendant that disposes of the entire case is proper only if the plaintiff cannot succeed as a matter of law on any of the theories pleaded. *See, e.g., Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983); *Havens v. Tomball Community Hosp.,* 793 S.W.2d 690, 691 (Tex.App.—Houston [1st Dist.] 1990, writ denied). The last amended petition supersedes all previous pleadings and thereby displaces the pleading which it amended. TEX.R.CIV.P. 65. *See also Johnson v. Coca Cola Co.,* 727 S.W.2d 756, 758 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Since the last amended petition supplants the instrument that it amends, the amended instrument is no longer considered as part of the pleadings for the case. TEX. R.CIV.P. 65. *See also Dolenz v. All Saints Episcopal Hosp.,* 638 S.W.2d 141, 142 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.).

Appellant's Fourth Amended Original Petition constituted the only viable pleading before the trial court at the time of the summary judgment hearing. In their Fourth Amended Original Petition, appellants did not plead a vicarious liability cause of action against Dr. Litton. Since the appellant's vicarious liability claim was not properly before the court at the time of the summary judgment hearing, this court need not consider whether Dr. Litton had established his entitlement to summary judgment under a theory of recovery not included in the pleadings. *See Nicholson v. Memorial Hosp. System,* 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

Appellants argue they were not required to plead a cause of action for vicarious liability to refute a motion for summary judgment so long as the theory was raised in their summary judgment response. In support of this contention, the appellants mistakenly rely on *Womack v. Allstate Insurance Co.* 156 Tex. 467, 296 S.W.2d 233 (1956). In *Womack,* the plaintiff brought suit against Allstate insurance company. *Id.* 296 S.W.2d at 234. Allstate moved for summary judgment based upon the plaintiff's failure to comply with an insurance policy provision that required notice of filing suit. *Id.* at 236–37. In its summary judgment response rather than in its pleadings, Womack asserted that Allstate had waived compliance with the notice provision. *Id.* at 237.

The Texas Supreme Court ultimately determined that despite Womack's failure to affirmatively plead waiver, the summary judgment should be denied where the summary judgment evidence discloses facts that render the moving party's position untenable regardless of pleading defects. *Id.* The instant case, however, is clearly distinguishable from the *Womack* scenario; there is no pleading defect but rather a failure to plead an entire cause of action. Under the present circumstances, the *Womack* rationale is clearly inapplicable.

Appellants allege appellees were under an affirmative duty to file special exceptions pointing out their failure to plead a cause of action. A defendant does have a duty to specially except to a pleading's defect where the plaintiff has omitted an element of a cause of action or has failed to state the cause of action with sufficient clarity to inform the defendant of the nature of the suit. *See Crabtree v. Ray Richey & Co.,* 682 S.W.2d 727, 728 (Tex. App.—Fort Worth 1985, no writ). Where a plaintiff utterly fails to plead a viable cause of action the defendant is not required to file special exceptions that would suggest to the plaintiff all possible causes of action that could be filed against the defendant. *See, e.g., Chambers v. Huggins,* 709 S.W.2d 219, 224–25 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Crabtree v. Ray Richey & Co.,* 682 S.W.2d 727, 728 (Tex.App.—Fort Worth 1985, no writ). Here, the appellant failed to allege a vica-

rious liability cause of action in its Fourth Amended Original Petition. This is an omission in the pleadings rather than a pleading defect; therefore, appellee was under no duty to specially except. The trial court did not err in entering summary judgment in this case where there was no cause of action upon which appellants could succeed against appellee as a matter of law.

For the reasons stated above, I respectfully dissent. I would not sustain the appellants' point of error but rather would affirm the trial court's judgment awarding summary judgment to appellee.